559

Argued and submitted July 10, 1987, affirmed as modified April 20, 1988

In the Matter of the Marriage of

ALBERTSON,
*Appellant,*
*and*

ALBERTSON,
*Respondent.*

(82-12-170; CA A41771)

752 P2d 1287

Judy Danelle Snyder, Portland, argued the cause for appellant. With her on the brief was Hoevet & Snyder, P.C., Portland.

Lawrence Evans, Portland, argued the cause for respondent. With him on the brief was Grenley, Rotenberg, Laskowski, Evans & Bragg, P.C., Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Wife appeals from a judgment that modified husband's spousal support obligation. She assigns as error that the court reduced her spousal support from $1,890 to $750 per month, beginning September 1, 1986.[1] We modify and affirm as modified.

Husband, age 45, and wife, age 43, were married for 23 years. The marriage was dissolved in November, 1983. The parties executed a property settlement agreement, which the court incorporated into the dissolution judgment. It provides:

"The Husband shall pay the Wife the sum of $1,890.00 per month for spousal support. The payments shall commence on the first day of the month immediately following the entry of the Decree of Dissolution of Marriage herein and shall continue on the first day of each month thereafter until six (6) months after the Wife obtains her Ph.D.

"The Wife agrees to use her best efforts to obtain her Ph.D. within six (6) years of the date of this Decree."

It contemplated that wife would attend the University of Washington to obtain her Ph.D. and live in Seattle.

Pursuant to the agreement, the judgment awarded wife the proceeds from the sale of residential real property located in West Linn and approximately 12 acres located in Sherwood ("Sherwood property"). It awarded husband real property also located in Sherwood ("Sherwood farm") of approximately 30 acres with a house and all of the parties' interest in their trucking business, Albertson Trucking, Inc. ("ATI"), including its assets and liabilities. It gave wife a judgment for $109,050, with interest at 9% per annum. It required husband to pay wife $2,000 per month in June, July, August and September of 1984, 1985, 1986 and 1987, in partial satisfaction of the judgment, with the balance to be paid on August 1, 1988.[2] It gave wife a lien against the Sherwood farm to secure her judgment. Husband and wife retained, as tenants

---

[1] The parties have four children, one of whom, Giselle, is still a minor in her mother's custody. Husband originally asked the court to reduce his child support obligation, but he withdrew that request at trial.

[2] The agreement required husband to satisfy the judgment partially by paying monthly contract payments of $575 on a condominium purchased by wife in Seattle. He did so until she sold it. He has paid more than $31,000 on the judgment.

in common, an interest in commercial real property known "Gail's Peak Industrial Park Partnership, Ltd."[3]

The parties married when wife was 16 and husband 19. Initially, he worked as a truck driver and eventually became the principal in ATI. She worked as a full time homemaker during the marriage and obtained her GED before the youngest child was born. She went to college and was a sophomore at the time of dissolution. Although wife did not work outside the home during the marriage, she kept the books for ATI. In 1985, she received a bachelor's degree from the University of Washington. The following school year, she moved to San Francisco and entered the California School of Professional Psychology for a program that will allow her to obtain her Ph.D. in four years. She rents a three-bedroom apartment at $950 per month and has annual tuition payments of $8,900, plus an expense of $1,000 per year for text books. In addition to husband's payments on the judgment and child and spousal support, wife receives $500 per month interest on $55,000 invested in a certificate of deposit (the principal sum being the net proceeds of the sale of some of her real property) and $150 in monthly rental payments from an adult daughter living with her in San Francisco.

ATI, now solely owned by husband, engages in contract trucking. In 1985, husband and Jones, a former employe of ATI, formed Albertson & Jones, Inc. (A & J). Jones loaned A & J $20,000 in cash, and ATI loaned A & J $21,000 by receiving credit from A & J for lease payments that ATI had previously made on the rental of a backhoe that A & J bought from the lessor. Husband has not received any income from A & J, which makes monthly payments to ATI. ATI pays husband's obligations to wife and his living expenses. In addition, husband receives $250 per month from renting the Sherwood farm.

In July, 1985, husband moved to modify spousal support. Wife contends that husband has created ATI's business distress by diverting business to A & J, by unwisely acquiring equipment for ATI and by using its assets, rather than his

---

[3] Wife contends that husband has not aggressively marketed this property, but she does not dispute that its value and marketability have been adversely affected by the fact that it is located in a flood plain.

own, to pay the judgment in favor of wife. Husband contends that ATI has suffered economic reverses, because it has lost a long time customer, International Paper Co., which formerly gave it all the hauling work it could do at premium prices. He asserts that he has had to take resources from ATI to make support and other payments to wife, which has worsened the business, and that the prosperity of the business had been the source of their economic strength. He contends that that turn of events could not reasonably have been foreseen at the time of the dissolution. *See Moak and Moak,* 64 Or App 487, 491, 668 P2d 1249 (1983).

The court ordered that spousal support be reduced and found:

"When this divorce was granted, both parties fully expected their prosperity to continue. There was nothing wrong with that optimism. It hasn't worked out. If the hostility from petitioner toward respondent were not so great, she could more clearly and objectively understand and accept the fact.

"* * * * *

"It appears to me this man is honest * * *. He does not live extravagantly."

We have reviewed the the record. We agree with the court that there has been a substantial change of circumstances since the dissolution judgment that was not anticipated by the parties and that husband did not create. He does not have sufficient income to pay monthly spousal support of $1,890. The amount of spousal support should be reduced, but not to $750; $1,000 monthly is appropriate.

Judgment modified to award spousal support of $1,000 a month beginning September 1, 1986, and continuing until six months after wife obtains her Ph.D.; affirmed as modified. No costs to either party.