Argued and submitted November 13, 1989, affirmed as modified January 31, 1990

In the Matter of the Marriage of

CURRAN,
*Appellant - Cross-Respondent,*
*and*

CURRAN,
*Respondent - Cross-Appellant.*

(15-84-05891; CA A49672)

786 P2d 205

Stephen J. R. Shepard, Eugene, argued the cause for appellant - cross-respondent. With him on the brief was DePaolis, Evans, Shepard & Vallerand, Eugene.

Clayton C. Patrick, Salem, argued the cause for respondent

- cross-appellant. With him on the brief were Donald K. Armstrong and Armstrong, McCullen & Philpott, Eugene.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

### RIGGS, J.

Husband appeals from an order modifying his spousal support obligation, arguing that the trial court erred when it temporarily suspended, rather than eliminated, the required payments. On cross-appeal, wife argues that spousal support should have been continued without change. On *de novo* review, we reduce the spousal support award and affirm as modified.

The parties were married 27 years. The dissolution judgment was entered on June 13, 1985. Husband was awarded custody of two of the parties' three minor children, and wife was awarded custody of the other child.[1] The court ordered husband to pay $200 per month child support and $400 per month permanent spousal support.

Wife, age 50, has a high school education and was employed as a school cafeteria cook at the time of the dissolution. She was earning $694 per month and had medical and retirement benefits. During the marriage, she worked as a daycare center employee, as a dry cleaning presser, as a teacher's aide and as a cashier. At the time of the March, 1988, modification hearing, she was employed as a sorority housemother, earning $725 per month. She also receives free room and board 10 months a year. During the summer, she pays $200 per month rent and collects a total of $540 in unemployment compensation. She has no retirement or medical benefits.

Husband, age 51, has been a high school social studies teacher since 1967. He was earning $2,469 per month at the time of the dissolution and received $2,673 per month during 1986-1987. He is paid 12 months a year. In 1986, he received an award as American History Teacher of the Year for Oregon. In June, 1987, husband was informed, that unless a school operating levy were to pass in September, he would not be reemployed the following school year. On September 30, he was officially notified that he would be laid off as a result of the budget levy failure. Although husband made several inquiries and applications for teaching positions, both permanent and substitute, from June, 1987, through February, 1988, he

---

[1] The parties have eight children, three of whom were minors at the time of the dissolution.

was unable to find employment. He collected unemployment compensation from September, 1987, through February, 1988.

Husband has regularly augmented his teaching income by painting houses during the summer months and by operating a pastry booth at a week long local cultural fair. During the summer of 1987, gross receipts from the painting business were approximately $8,000. Two of the children helped him with the housepainting, for pay, earning approximately $3,500 between them, which they intended to go toward their college expenses. Gross receipts from pastry sales totaled $3,200. Three of his children, in addition to two of his domestic partner's children, assisted him in that business. His children earned a combined total of $710, and the other children earned $435. Of the receipts from his outside work husband kept approximately $300[2] from the housepainting and $306 from the pastry booth.

In March, 1988, husband moved to modify the dissolution judgment to reduce his child support obligation and to eliminate his spousal support obligation, arguing that his unemployment constituted a substantial and material change in circumstances. The trial court agreed, reduced his child support obligation from $200 to $100 per month and temporarily suspended spousal support from September 18, 1987, through September 30, 1988.[3]

Husband argues that the decision merely to "suspend" spousal support was improper because, having made the express finding that he had no present ability to pay, the court was compelled to terminate his obligation entirely. He contends that the court impermissibly speculated that he would be reemployed for the 1988-89 school year when it ordered payments to resume in October, 1988.

■    We agree that the trial court erred in temporarily suspending the spousal support, because modifications of spousal support are properly based only on evidence of a party's present or future ascertainable ability to pay, not on speculative or uncertain future events. *Rice and Rice,* 60 Or

---

[2] Husband testified that, during the summer of 1987, he received approximately $100 from the painting business that he was engaged in with his children and approximately $200 from three individual painting and repair jobs.

[3] Husband does not assign error to the child support modification.

App 95, 99, 652 P2d 877 (1982). We disagree, however, that the correct ruling would be the permanent elimination of the obligation. Instead, on *de novo* review, we conclude that the change in circumstances that husband demonstrated requires a substantial reduction in his spousal support burden. *Albertson and Albertson,* 90 Or App 559, 563, 752 P2d 1287 (1988).

■ There was evidence that husband had some, albeit significantly less, ability to pay his support obligation. He had always supplemented his teaching income with outside earnings. During the summer of 1987, those combined outside earnings totaled approximately $11,000, of which husband chose to keep only $500. On the other hand, his children received approximately $5,000 in wages from the earnings of both the painting and the pastry businesses. Although it is commendable that husband wishes to assist his children with their college expenses, he cannot do so if that support makes it financially impossible to meet his obligation of spousal support.[4]

In addition to the income from painting, we may also properly consider husband's overall earning capacity outside of teaching as a factor in determining appropriate spousal support. ORS 107.105(1)(d).[5] He has a college education, and almost 20 years experience in his field and claims to be motivated to return to work. On this record, although we concur with the trial court's assessment that husband's unemployment was neither wilful nor in bad faith, we do not agree that

---

[4] Husband testified that he is presently unable to paint because of dizziness and severe back and neck pain. He also testified that those medical problems began in September, 1987, and were caused by stress resulting from his unemployment. However, there was other evidence that husband ran several miles daily, and that advertisements for his painting business were in local newspapers at least three times between September, 1987, and February, 1988. He also stated that his health was "excellent" on a December, 1987, teaching application. After reviewing the record, we are not convinced that husband's health makes him disabled or unemployable.

[5] ORS 107.105(1)(D) provides, in pertinent part:

"In making such a support order, the court shall consider the following:

"* * * * *

"(D) The earning capacity of each party, including educational background, training, employment skills and work experience."

husband has no present ability to pay that would justify completely eliminating his spousal support obligation.[6] It is also apparent that he cannot continue to pay the amount of spousal support originally awarded, and there is no evidence that he will be able to re-enter teaching soon or at any particular time in the future. There has been some reduction in wife's living expenses,[7] but her income has not significantly changed and her limited job skills remain disparate when compared to husband's earning capacity. We conclude that spousal support should be reduced to $50 per month.

On appeal and on cross-appeal, order modified to award wife $50 per month permanent spousal support, effective August 15, 1988; affirmed as modified. No costs to either party.

---

[6] The trial court found:

"The situation is such that Petitioner is a victim of the plight of the school system in the State of Oregon at this time. He really has at this time no ability to pay anything. He has no medical coverage. His unemployment is gone, and he is really in dire circumstances, and as the Court indicated there are inadequate assets, no money to meet the needs and it is an impossible situation for the Court to resolve."

[7] At the time of the dissolution, wife paid $375 a month rent for a three bedroom house, where she lived with a teenaged son. At the time of the modification, however, she was receiving room and board for 10 months a year on her job, and the son lived away at college.