# In the Matter of the Marriage of

## Vivian Diana WINNIE,
*Appellant,*

*and*

## Thomas Charles WINNIE,
*Respondent.*

(84-5-55; CA A65355)

818 P2d 1292

Michael A. Yates, Portland, argued the cause for appellant. With him on the brief were Mark A. Johnson and Gevurtz, Menashe, Hergert, Larson & Kurshner, Portland.

Ira L. Gottlieb, Portland, argued the cause for respondent. With him on the brief was Keller, Gottlieb & Gorin, Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Wife appeals from an order modifying a judgment of dissolution. She argues that the trial court erred in denying her motion to modify spousal support and in failing to apply the Uniform Child Support Guidelines. ORS 25.270 to ORS 25.285. On *de novo* review, we modify the judgment to award wife permanent spousal support of $200 per month and remand for the trial court to calculate child support in accordance with the guidelines.

The parties were married in 1965, and their marriage was dissolved in 1985. At the time of dissolution, husband's income was approximately $30,000 per year, and wife was unemployed. She intended to complete her education in business administration so that she would be able to find employment at a salary adequate to meet her needs. The dissolution court awarded her $200 per month spousal support for a period of five years.

The parties have three children, Kristin, Jacqueline and Sarah. At the time of the dissolution, the children were respectively 15, 10 and 4 years old. Sarah has Down's Syndrome and requires special care. The dissolution court ordered husband to pay $175 per month per child for Kristin and Jacqueline and $300 per month for Sarah.

Since the dissolution, husband's income has increased to approximately $41,000 annually, and his employer provides him with a car and an expense account. He has remarried, and his new spouse earns $1,326 per month. They recently bought a home in California and make payments of $1,932 per month. He suffered a heart attack in 1989 and takes medication for his condition.

Wife's circumstances have become worse. At the time of the dissolution, the parties anticipated that wife would be required to spend less time and money caring for her when Sarah entered public school. However, the time and money required to provide for her care did not decrease. Due to financial and time constraints, wife has been unable to continue her education and, instead, works full-time as a file clerk on the graveyard shift. She has also suffered several bouts of cancer, and her health has been affected by the stress of working nights and caring for Sarah during the days.

Wife moved to modify the judgment to increase the amount of spousal support to $500 per month and to extend it permanently. The court denied the motion, finding that there had been no substantial change in circumstances, because it believed that the dissolution court had been aware of wife's actual and prospective needs at the time of the dissolution.

■ ■ Modification of spousal support must be based on a substantial change in circumstances. ORS 107.135. "A substantial deterioration in health may constitute changed circumstances, as could a failure to improve, if significant improvement was contemplated at the time of the original judgment." *Polette and Polette*, 99 Or App 327, 330, 781 P2d 1253 (1989), *rev den* 309 Or 291 (1990). Although wife intended to complete her education and to find work at a salary sufficient to provide for her own support, she has not been able to do so, because Sarah's need for special care did not decrease as anticipated when she entered public school. That is a substantial change from the circumstances anticipated at dissolution. Rather than decreasing, wife's needs have, at best, remained the same as at the time of dissolution and, because Sarah will continue to require substantial amounts of time and money for her care, it is unlikely that wife's circumstances will improve. Therefore, we modify the judgment to award wife permanent spousal support in the amount of $200 per month.

Wife also moved to modify child support. The court found, and husband does not contest, that there has been a material and substantial change in circumstances with respect to child support. The trial court said:

"With respect to child support, I do find that there has been a material and substantial change of circumstances. And among the changes that are self-evident I think are [*sic*] the fact that both of your lives have changed dramatically.

"Mr. Winnie now enjoys a better income than he did at the time of the dissolution. He is remarried and I think his remarriage through the industries and efforts of his wife has probably made more income and money available to him than he had at his disposal five years ago.

"Your health has deteriorated to some extent, Mrs. Winnie, and I believe that's a fact and I hope it doesn't cause you any further problems than what you have expressed. * * *

"The expenses for Sarah have increased I think substantially. I do think that Sarah is in need of occupational therapy to a larger extent than she is able to receive, and that her expenses are beyond those originally contemplated by the trial judge. For those and other reasons I believe a change in the support amount is warranted."

Nevertheless, the court found that an increase in the amount of child support for Kristin and Jacqueline would be unfair and unreasonable[1] and granted an increase only for Sarah, but less than the presumptive amount under the guidelines.

■ Once a material and substantial change in circumstances has been found, the guidelines, ORS 25.270 to ORS 25.285, establish the amount of child support on the basis of the formula set out in OAR 137-50-320 to OAR 137-50-490. *See Gay and Gay,* 108 Or App 121, 814 P2d 543 (1991). That amount is presumptively correct, unless the trial court specifically finds, from evidence presented to rebut the presumption, that application of the formula would be unjust or inappropriate in the particular case, according to the criteria listed in ORS 25.280.[2]

---

[1] The trial court explained:

"Now, with respect to the support for the two oldest children, however, that support will remain the same. I'm not going to change those sums. To the extent that existing guidelines would permit me to increase that support, I feel and the Court finds that the annual needs of Sarah override any interest one might have in adding money to the present support for the other two kids, and, of course, Mr. Winnie's ability to pay is limited.

"And that coupled with the attitudes of the older kids about their father and their persistence in not visiting at all, I think it would just simply be unfair and unreasonable to take support that really needs to go to Sarah and give it to the two older children under the present circumstances. I just don't think that would make any sense. And for those reasons the support amounts for those two children will remain as presently set."

[2] ORS 25.280 provides:

"In any judicial or administrative proceeding for the establishment or modification of a child support obligation under ORS chapters 107, 108, 109, 110, 416 and 419, the amount of support determined by the formula established pursuant to ORS 25.270 to 25.285, 107.105, 416.415, 416.435 and 419.513 shall be presumed to be the correct amount of the obligation. This shall be a rebuttable presumption and a written finding or a specific finding on the record that the application of the formula would be unjust or inappropriate in a particular case shall be sufficient to rebut the presumption. The following criteria shall be considered in making the finding:

"(1) Evidence of the other available resources of a parent;

"(2) The reasonable necessities of a parent;

■      Husband contends that the court correctly considered his net income, special hardships and reasonable necessities in determining that the presumed obligation was rebutted. ORS 25.280(2), (3) and (6). However, after considering those criteria and in the light of wife's net income, special hardships and reasonable necessities, we conclude that application of the formula would not be unjust or inappropriate in this case.

■      Husband also contends that consideration of Kristin's needs under ORS 25.280(7) justifies a reduction from the presumed amount, because she receives grants and scholarships and earns money during the summer for her education. The presumed child support obligation includes reasonable educational expenses incurred on behalf of children. OAR 137-50-440. Those expenses should be allowed only to the extent that they are actually incurred and not paid from other sources. Kristin's scholarships, grants and summer earnings should be deducted from the cost of her education in determining the amount incurred on her behalf. Because that reduced amount is used in reaching the presumed amount, no further reduction would be justified.

None of the arguments raised by husband justifies a decrease in the presumed child support obligation. Wife does not ask us to consider whether other factors might rebut the presumption and result in a greater award than the presumed amount. Therefore, we remand for the trial court to calculate

---

"(3)      The net income of a parent remaining after withholdings required by law or as a condition of employment;

"(4)      A parent's ability to borrow;

"(5)      The number and needs of other dependents of a parent;

"(6)      The special hardships of a parent;

"(7)      The needs of the child;

"(8)      The desirability of the custodial parent remaining in the home as a full-time parent and homemaker;

"(9)      The tax consequences, if any, to both parents resulting from spousal support awarded and determination of which parent will name the child as a dependent; and

"(10)      The financial advantage afforded a parent's household by the income of a spouse or another person with whom the parent lives in a relationship similar to husband and wife."

the child support award in accordance with the guidelines and this opinion.

Judgment modified to award wife $200 per month permanent spousal support; remanded for calculation of child support in accordance with Uniform Child Support Guidelines; otherwise affirmed. Costs to wife.