Argued and submitted July 12, remanded with instructions December 8, 1993

In the Matter of the Marriage of

William Jerry WESLEY,
*Appellant,*

*and*

Linda Claire Stafford WESLEY,
*Respondent.*

(88-2411-D-3; CA A77298)

865 P2d 432

Frank R. Alley, III, argued the cause for appellant. With him on the brief was Fowler, Alley & McNair.

Christina Sanz argued the cause and filed the brief for respondent.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

RIGGS, J.

## RIGGS, J.

Father appeals from a judgment modifying child and spousal support. He assigns error to the court's calculation of the child support payment presumed to be correct by statute, the court's finding that mother had rebutted that presumption and the court's refusal to terminate spousal support. We review *de novo*, modify the award of spousal support and remand for redetermination of child support. ORS 19.125.

The parties were married in 1967. Their marriage was dissolved in 1989. Mother was awarded custody of their two minor children, one born in 1972, the other in 1977. The elder minor child has Down syndrome. At the time of the dissolution, father earned more than $100,000 per year as an airline pilot. He has since lost his job and is unemployed. Mother currently works for a school district as an administrative assistant and earns approximately $1,500 per month.

The prior support order, in effect since August, 1991, required father to pay child support of $686 per month per child and spousal support of $500 per month. In December, 1991, father's employer went out of business and left father without a job. In June, 1992, father moved to modify the August, 1991, support order to reduce his child support obligation and to terminate or reduce his spousal support obligation. Father argued that his unemployment constituted a substantial change in economic circumstances. The court agreed and reduced child support to $300 per month per child and spousal support to $200 per month for a period of 48 months commencing on August 10, 1992.

■ Father contends that the court erred in calculating mother's income for use in determining the child support payment, arguing first that the court's determination of mother's gross income has no support in the record. Notwithstanding the fact that father's proposed support computation worksheet was not offered or received in evidence, mother urges us to consider the worksheet, which included the figure used by the court. UTCR 8.060(4) requires the parties to "submit" such worksheets to the trial court if child support is an issue at the time of the hearing, which it was in this case. ORS 19.074 provides that the trial court file is part of the record in every case. The worksheet was in the trial court file

and, therefore, the figure used by the court was supported by the record.

■    Father next argues that the court failed to include the spousal support payment in mother's gross income and to subtract that payment from father's gross income. Father is correct. OAR 137-50-390 requires the court to include those figures. *Watson and Watson*, 107 Or App 416, 419, 812 P2d 429 (1991). That error requires remand for recalculation of child support.

■    Because the issue will likely be present on remand, we also address father's argument that the court erred in finding that the presumption of correctness of the child support payments was rebutted. The court, using the guidelines established under ORS 25.275, calculated child support as $165 per month. However, it then found that the correctness of the presumed amount was rebutted, and awarded child support of $300 per month per child.

For the presumption of correctness to be rebutted, the court must make

> "a written finding or a specific finding on the record that the application of the formula would be unjust or inappropriate in a particular case * * *." ORS 25.280.

The court made only one finding regarding the rebuttal:

> "3.    That the total presumed amount of support of $165, as calculated in Exhibit '1,' attached hereto and incorporated by this reference, has been rebutted based on evidence of other resources and future income of [father], and the hardship of [mother] and special needs of the children."

That finding lacks sufficient specificity for meaningful review. OAR 137-50-330(2) requires that

> "findings that rebut the presumption that the amount of support to be paid * * * is correct shall state that amount and include the reason why the order varies from that amount * * *."

The court did not include the specific reasons for the variation. For example, it did not identify the extent or nature of the "other resources" of father, nor did it specify the "hardship" of mother.

Furthermore, the court considered inappropriate factors in determining that the presumption of correctness was rebutted. The criteria to be considered are set out in OAR 137-50-330(2)(a),[1] under which the court found four factors: the other resources available to father, the future income of father, the hardship of mother and the special needs of the children. It was appropriate for the court to consider the other resources available, the hardship of the mother and the needs of the children. However, father's future income is not a rebuttal factor under OAR 137-50-330(2). *Moore and Moore,* 112 Or App 503, 509, 829 P2d 704 (1992).

■       Father's final assignment of error concerns the court's denial of his motion to terminate spousal support and the award of $200 per month support for a period of 48 months. Father argues that his loss of employment is a substantial change in economic circumstances that justifies termination of spousal support. We agree that father's loss of employment constitutes a substantial and material change in circumstances. *Sills and Sills,* 63 Or App 157, 160, 662 P2d

---

[1] OAR 137-50-330(2)(a) provides:

"The amount of child support to be paid as determined [above] is presumed to be the correct amount. This presumption may be rebutted by a finding that the amount is unjust or inappropriate based upon the criteria set forth in paragraphs (A) through (J) of this subsection.

"* * * * *

"(A)  Evidence of the other available resources of the parent;

"(B)  The reasonable necessities of a parent;

"(C)  The net income of a parent remaining after withholdings required by law or as a condition of employment;

"(D)  A parent's ability to borrow;

"(E)  The number and needs of other dependents of a parent;

"(F)  The special hardships of a parent;

"(G)  The needs of the child;

"(H)  The desirability of the custodial parent remaining in the home as a full-time parent and homemaker;

"(I)  The tax consequences, if any, to both parents resulting from spousal support awarded and determination of which parent will name the child as a dependent; the formula presumes the custodial parent will have the tax exemption allowed for the child or children; and

"(J)  The financial advantage afforded a parent's household by the income of a spouse or another person with whom the parent lives in a relationship similar to husband and wife."

*See also* ORS 25.280.

795, *rev den* 295 Or 446 (1983). As the trial court recognized, father now has no employment income and is unable to pay the spousal support in the current support order. However, that change does not necessarily require termination of spousal support. *Curran and Curran*, 100 Or App 330, 333, 786 P2d 205 (1990).

■     We may consider father's overall earning capacity. ORS 107.105(1)(d)(D). Father spent 25 years in a highly competitive field and has skills that should transfer well to other occupations, if he is not able to find new employment as an airline pilot. Father also testified that he is qualified for other airline jobs, such as flight engineer. Because father is currently unemployed,[2] we conclude that spousal support should be reduced to $50 per month. The evidence indicates that father has requested disbursement of his retirement plan. When and if he receives that income, or if he acquires a new job, a substantial change in economic circumstances may or may not occur.

Remanded for entry of modified judgment awarding spousal support to wife of $50 per month for 48 months commencing August 10, 1992, and for recalculation of child support. Costs to father.

---

[2] Father testified that he has received unemployment compensation from the state of New York, but that "the normal employment benefit has expired." He also testified that he received a statement indicating he "was to be on emergency unemployment compensation," but he had not received any benefits for the previous month.