Argued and submitted September 18, 1996, remanded in part; otherwise affirmed
February 12, 1997

In the Matter of the Marriage of

Dorothy Lorraine LARKIN,
*Respondent,*

*and*

Gregory Dale LARKIN,
*Appellant.*

(940079; CA A91554)

932 P2d 115

Donald P. Reiling argued the cause and filed the brief for appellant.

Gilbert B. Feibleman argued the cause for respondent. With him on the brief was Feibleman & Associates, P.C.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

Husband appeals a dissolution judgment that relieves wife of any obligation to pay child support and requires husband to pay indefinite spousal support. We remand for entry of a modified judgment and for further proceedings not inconsistent with this opinion.

At the time of trial, the parties had been married for 18 years and had one child, age 15. Wife was 39 years old and employed as a medical assistant. The court found that her gross monthly income would soon increase to $1,593. Husband was 38 years old and employed as a residential construction superintendent. The court found that his gross monthly income is $3,848.

Based on the parties' stipulations, the court awarded them joint legal custody of the child, with husband having primary physical custody and wife having visitation on an every-other-weekend-and-holiday schedule. Wife was ordered to pay no child support. Husband was ordered to pay wife $500 per month as spousal support for two years and $250 per month thereafter.

Husband first assigns error to the trial court's finding that, although the presumptively correct level of child support payable by wife is $270.81, the guidelines have been rebutted by the "income disparity between the parties, the joint custody arrangement and other equities and findings in the case[.]" On that basis, the court concluded that wife "should not have to pay child support." Husband contends that income disparity cannot *rebut* the presumptive correctness of the amount that is determined by application of the guidelines formula,[1] because "difference in incomes of the parents is an explicit factor at the core of the child support computation." He also argues that the parties' joint legal custody of the child is not a rebuttal factor under the guidelines.

---

[1] OAR 137-50-330(2)(a) provides, in part:

"The amount of child support to be paid as determined in subsections (1)(a) through (h) of this rule *is presumed to be the correct amount.* This presumption may be rebutted by a finding that the amount is unjust or inappropriate based upon the criteria set forth in paragraphs (A) through (P) of this subsection." (Emphasis supplied.)

■　　　Wife argues that, although income disparity and legal custody are not among the 16 criteria that are listed as bases for rebutting the guidelines' presumptive correctness,[2] the trial court did not err in relying on factors that are outside that list. She cites, as authority, *Peterson and Peterson*, 132 Or App 190, 198, 888 P2d 23 (1994), which held that the list of rebuttal criteria in ORS 25.280 and OAR 137-50-330(2)(a)(A)-(P) is not exclusive and that courts may consider "other nonenumerated economic factors that are relevant to the needs of the dependent child." *Peterson*, however, provides neither direct nor inferential support for the trial court's decision to consider as a *rebutting* factor an item that is a *determinative* factor in the guidelines' calculation of a parent's basic child support obligation.[3] The parties' income disparity is just such a determinative factor. *See* OAR 137-50-330(1)(c) ("If there are two parents, determine the percentage contribution of each parent to the combined adjusted gross income by dividing the combined adjusted gross income into each parent's adjusted gross income."). In other words, the relative incomes of the parties is not a rebuttal factor because it is the key component in *computing* child support, which in general terms is derived by combining the gross incomes of the parents and multiplying by the noncustodial parent's percentage of that combined income to yield the noncustodial parent's support obligation. *See* OAR 137-50-330(1) (setting out eight-step formula for calculating each parent's child support obligation). The formula's use of income percentages directly addresses income disparity.

---

[2] *See* OAR 137-50-330(2)(a)(A)-(P) and ORS 25.280(1)-(10). The list of potential rebutting factors includes: evidence of a parent's other available resources, the reasonable necessities of a parent, the net income that remains after withholdings that are required by law or as a condition of employment, a parent's ability to borrow, the number and needs of other dependents, a parent's special hardships, the needs of the child, the desirability of the custodial parent remaining in the home to fulfill the role of parent and homemaker, the tax consequences resulting from spousal support, the financial effect of a parent's domestic partnership with another person, the financial benefits of a family-owned corporation or self-employment, evidence that a child subject to the support order is not living with either parent, the net income of the parent after financial obligations that were mutually incurred, tax effects of income or benefits, and capital returns.

[3] *See Stringer v. Brandt*, 128 Or App 502, 508, 877 P2d 100, *rev allowed and withdrawn* 320 Or 109 (1994) (parent's gross income could not be used to both calculate *and* rebut the presumptively correct child support obligation).

■     Neither does *Peterson* provide support for the trial court's use of the parties' joint legal custody as a factor that may rebut the presumptively correct guidelines amount. Rebuttal criteria are facts—for example, extraordinary child care costs, special needs, special hardships, or financial advantages such as increased household income that results from a parent's domestic partnerships—that have a significant enough economic effect on the parties that those facts render the presumptively correct basic child support obligation an "amount [that] is unjust or inappropriate." OAR 137-50-330(2)(b). Joint legal custody of a child has no such effect. Neither is it an "economic" factor that is "relevant to the needs of the dependent child." *Peterson*, 132 Or App at 198. Although the guidelines explicitly consider the economic effect of *physical* custody, under the shared physical custody rule and the split custody rule, OAR 137-50-330(1)(h), neither of those rules is applicable to the present case.[4]

■     The trial court also referred to "the other equities and findings in the case" as a third factor rebutting the presumptively correct child support amount payable by wife under the guidelines. Such vague references provide an inadequate basis for meaningful appellate review.[5] *Wesley and Wesley*, 125 Or App 128, 131, 865 P2d 432 (1993) (specific reasons must be stated by trial court when making rebuttal findings); *see also Stringer*, 128 Or App at 515.

■     Finally, when a court finds that some fact of the parties' lives is economically significant enough to have rebutted the presumptive correctness of a parent's child support obligation under the guidelines, "a written finding or a specific

---

[4] The shared physical custody rule prorates each parent's basic child support amount when one parent has physical custody "not more than 65 percent of the time and the other parent has physical custody not less than 35 percent of the time." OAR 137-50-450. Also, a credit may be given to the support obligor if that parent has physical custody less than 35 percent of the time but "more than 25 percent of the total overnights," if that parent's "direct contribution to the support of the child significantly reduces the cost of support to the other parent." OAR 137-50-450(12). The split custody rule prorates the basic child support obligation between parents when each has physical custody of at least one of the parties' children. OAR 137-50-460.

[5] Wife suggests that the court was referring to her eight-year absence from the job market, the disparity in the parties' earning capacities and the length of the marriage, but those factors are relevant to awards of spousal support, not child support.

finding on the record must be made that the amount is unjust or inappropriate." OAR 137-50-330(2)(b); ORS 25.280. Here, the trial court made no such finding. That was error. *Rossi and Rossi*, 128 Or App 536, 544, 876 P2d 820 (1994). Accordingly, we remand for reconsideration and recalculation of the child support award in a manner not inconsistent with this opinion. *See Perlenfein and Perlenfein*, 316 Or 16, 25-26, 848 P2d 604 (1993) (where rebuttal findings had not been made, case was remanded to trial court); *Hay and Hay*, 119 Or App 372, 374, 850 P2d 410 (1993) (where trial court explained reasons for deviating from child support guidelines but did not make required findings, case was remanded for reconsideration and findings); *Lawhorn and Lawhorn*, 119 Or App 225, 229, 850 P2d 1126 (1993) (where trial court failed to make specific rebuttal findings, case was remanded for reconsideration of child support obligation).

■ Husband also assigns error to the trial court's award of spousal support to wife in the amount of $500 per month for two years, then $250 per month indefinitely thereafter. Wife was out of the work force for eight years during the marriage, but has been working full time outside the home for approximately the last seven years. She is in excellent health. For the last three years, she has worked as a medical assistant for two surgeons. Wife acknowledged that she is working in a field that does not utilize her associate's degree in medical transcribing. Undisputed evidence established that, if she did use that degree, her salary would increase substantially. In sum, wife is young and healthy, has demonstrated an ability to achieve both educationally and professionally, and is capable of becoming self-supporting in the future. That evidence does not support an award of indefinite duration. Instead, it supports a stepped-down award that will provide support for a limited period of time during which time wife can increase her earning capacity. The evidence presented below suggests that that could be accomplished by, for example, seeking employment in her field of expertise, obtaining further training or, as the trial court suggested, considering employment opportunities that may exist in a larger market area.

Remanded for recalculation of child support and for entry of a modified judgment of dissolution awarding wife

spousal support of $500 per month for two years and $250 per month for three years thereafter; otherwise affirmed. Costs, not including attorney fees, to husband.