Argued and submitted July 18, 1996, affirmed on appeal; reversed and remanded on cross-appeal March 12, 1997

In the Matter of the Marriage of

Shaun D. CUTTING,
*Appellant - Cross-Respondent,*

*and*

Holly R. CUTTING,
*Respondent - Cross-Appellant.*

(94DM0503; CA A89493)

934 P2d 622

Douglas R. Holbrook argued the cause for appellant - cross-respondent. With him on the briefs was Litchfield & Carstens.

Jacques P. DePlois argued the cause and filed the brief for respondent - cross-appellant.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Husband initiated this action for contempt and for modification of a dissolution judgment that required him to pay both spousal support and child support, contending that both obligations should be either terminated or suspended because of his current unemployment and medical disability. The trial court denied the motion for contempt, suspended the spousal support obligation for one year, reduced the child support award and awarded wife attorney fees. On appeal, husband argues that the trial court should have completely terminated spousal support, should have suspended or terminated child support and should not have awarded wife her attorney fees. On cross-appeal, wife argues that the trial court erred in suspending spousal support. On *de novo* review, ORS 19.125(3), we conclude that the trial court erred in suspending spousal support, but otherwise affirm the judgment of the trial court.

The parties were married in February 1990, and remained married for a little over four years. They have two minor children. Wife is 27 years old, and husband is 28. At the time of the dissolution, husband earned $5,500 gross per month working as captain of a fishing boat operated by his family's business. Wife did not work outside the home. In the dissolution proceeding, the trial court awarded wife custody of the children and ordered husband to pay $957 per month in child support. The court also ordered husband to pay $500 per month spousal support for three years. Finally, the court ordered that wife be allowed to live in the family home but that she sell it and use the proceeds to pay off the outstanding debt against the property; husband was ordered to assume the remaining family debts, totaling $42,000.

Approximately six months after the dissolution, husband was diagnosed with a recurrence of an inner ear condition that required immediate surgery. Husband's physician instructed him not to return to work on a fishing vessel or perform any work that required significant lifting for a year. The physician also urged husband to seek retraining for another occupation. Husband sought no workers' compensation, Jones Act coverage or other similar benefits to cover the

costs of his recovery. He has not sought unemployment compensation benefits. He received financial help from his parents and intended to live with them during his recovery.

In May 1995, husband initiated this action for contempt and for modification. The contempt motion was predicated on, among other things, wife's alleged failure to cooperate in selling the family residence. The modification motion was based on husband's alleged inability to work; husband contended that, because of his medical condition, spousal support should be eliminated, and child support should be either eliminated or substantially modified. Wife opposed the motions. She testified that husband had undergone the same surgery previously and had taken only six or seven weeks to recover, after which time he engaged in a variety of recreational activities that required heavy lifting, including lifting outboard motors and pulling a 72-pound bow. The trial court denied the motion for contempt, finding that husband's allegations in support of the motion ranged "from exaggerations to outright fabrications." The trial court found that husband's income would be reduced for a period of one year and, because of that, suspended the obligation to pay spousal support for that period of time. The court then assumed that husband could earn at least a minimum wage and, on that basis, calculated husband's child support obligation under the child support guidelines to be $153.50 per month. The court then awarded wife her attorney fees.

On appeal, husband assigns error to the trial court's failure to terminate entirely his spousal support obligation. On the same issue, wife cross-appeals, arguing that the trial court erred in suspending support. Wife is correct. We addressed the authority of the courts to suspend spousal support in *Curran and Curran*, 100 Or App 330, 786 P2d 205 (1990). In that case, the husband was ordered to pay child support and spousal support to the wife. Two years later, he was notified that he would be laid off his job as a high school teacher because of the failure of a budget levy. The husband then collected unemployment compensation benefits and took occasional part-time employment. When he moved for modification of the dissolution judgment to eliminate the obligation to pay spousal support, the trial court ordered the

obligation suspended for a one-year period. On appeal, the husband argued that the trial court erred in merely suspending the spousal support obligation, because it was based on the impermissible speculation that he would be employed within a year. We held:

> "We agree that the trial court erred in temporarily suspending the spousal support, because modifications of spousal support are properly based only on evidence of a party's present or future ascertainable ability to pay, not on speculative or uncertain future events."

*Id.* at 333. We disagreed with the husband, however, that the proper remedy was termination of the obligation; we concluded that, in the light of the particular facts of that case, the appropriate modification was a reduction in the amount of support. *Id.* at 334-35.

■ The facts are not materially different in this case. The trial court's suspension of spousal support is based on the speculation that husband will not be able to find work for a year. The only evidence of husband's employability is his doctor's recommendation that he not go back to fishing for a year, indeed, that husband not go back to fishing at all and that he seek other employment. There is no evidence that husband is not currently employable at some other occupation that does not require heavy lifting. There is evidence that, following the identical surgery performed prior to the dissolution, husband was able to perform a variety of physical tasks after a relatively short period of recuperation. We conclude that there is no basis for concluding that husband will be unemployable for a period of one year.

■ For the same reasons, we reject husband's argument that spousal support should have been terminated altogether. There is no evidence that husband cannot work, only that his doctor recommended that he not work in the family fishing business or in a position that requires heavy lifting. Moreover, husband testified that he would be living with his parents during his recovery and that they expect no contribution from him for his living expenses. We conclude that it would not be appropriate to terminate spousal support.

Husband next assigns error to the trial court's failure to suspend or eliminate child support. He contends that, because he is currently unemployed, he cannot afford to make any child support payments. Wife contends that husband has not rebutted the presumption that he can earn at least a minimum wage. We agree with wife.

■       OAR 137-50-360 provides:

"(1)   If a parent is unemployed, employed on less than a full-time basis or there is no direct evidence of any income, child support shall be calculated based on a determination of potential income. For purposes of this determination, there shall be a rebuttable presumption that a parent can be gainfully employed on a full-time basis.

"(2)   Determination of potential income shall be made according to one of two methods, as appropriate:

"(a)   Determine employment potential and probable earnings level based on the parent's recent work history, occupational qualifications, or prevailing job opportunities and earnings levels in the community; or

"(b)   Notwithstanding any other provision of this section, the amount of potential income attributed to a parent will not be less than full-time work (40 hours a week) at the current state minimum wage."

As we have noted, the only evidence of husband's inability to find employment is his doctor's recommendation that he not perform heavy lifting for one year. There is no other evidence that husband cannot obtain other work. We conclude that he has failed to rebut the presumption that he can be employed on a full-time basis and therefore conclude that the trial court did not err when it declined to suspend or terminate child support.

■       As for husband's final assignment of error, we conclude that—particularly in the light of the trial court's findings on husband's contempt motion—there was no abuse of discretion in awarding wife her attorney fees at trial. *Haguewood and Haguewood*, 292 Or 197, 212, 638 P2d 1135 (1981).

Affirmed on appeal; on cross-appeal, reversed and remanded for entry of modified judgment deleting suspension of spousal support obligation. Costs to wife on appeal and cross-appeal.