97

Argued and submitted December 15, 1999, reversed and remanded May 31, 2000

In the Matter of the Marriage of

Frank de la Puente ALLEN,
*Petitioner,*
*and*

Robin de la Puente ALLEN,
aka Robin Knickerbocker,
*Respondent.*

STATE OF OREGON ex rel
Robin de la Puenta ALLEN,
aka Robin Knickerbocker,
*Respondent,*

*v.*

Frank de la Puente ALLEN,
*Appellant.*

(92P-20981; CA A105550)

4 P3d 81

Paul T. Meadowbrook argued the cause for appellant. On the brief was F. de la Puente Allen *pro se.*

No appearance for respondent.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

**KISTLER, J.**

Father appeals from a modification judgment that increased his child support obligation. He argues that the court erred in departing from the presumptive support obligation. We reverse and remand.

The original dissolution judgment required father to pay $144.52 per month in child support. In 1997, mother moved to modify the amount of child support. After a hearing, the trial court found that the child spent approximately 65 percent of her time with mother and 35 percent with father. Based on that figure and the parties' respective incomes, the court found that father's presumptive child support obligation was $125 a month from July 1997 through April 1998 and $315 a month after that. The court also found, however, that "[t]he guideline amounts for shared custody are inadequate and inequitable." Based on that finding, the court ordered father to pay $225 a month from July 1997 to April 1998 and $400 a month thereafter.

On appeal, father argues that the trial court erred when it departed from the presumptive amount of support. He contends that there was no evidence in the record to support an upward departure. In any modification of child support, we start from the presumption that the amount of support determined by the statutory formula is the correct amount. ORS 25.280; *see Winnie and Winnie*, 109 Or App 304, 308, 818 P2d 1292 (1991), *rev den* 312 Or 677 (1992). That presumption, however, may be rebutted. The trial court is authorized to depart from the presumptive amount if it makes "a written finding or a specific finding on the record that the application of the formula would be unjust or inappropriate in a particular case * * *." ORS 25.280; *see* OAR 137-050-0330(2)(b). A trial court's finding must specify the reason why the presumptive amount of support is unjust or inequitable. *Wesley and Wesley*, 125 Or App 128, 131, 865 P2d 432 (1993).[1]

---

[1] Both the statute and the administrative rule set out nonexclusive criteria that "shall be considered in making that finding[.]" *See* ORS 28.280(1)-(10); OAR 137-050-0330(2)(a); *Petersen and Petersen*, 132 Or App 190, 198, 888 P2d 23 (1994).

■     In this case, the trial court found that "[t]he guideline amounts for shared custody are inadequate and inequitable." That finding does not state a specific basis for departing from the presumptive support obligation. *See Larkin and Larkin*, 146 Or App 310, 314, 932 P2d 115 (1997) ("other equities and findings in the case" too vague a finding to provide a meaningful basis for appellate review); *Wesley and Wesley*, 125 Or App at 131. Although father argues that we should hold that no basis exists on this record for an upward departure, we decline to do so. Rather, we remand for reconsideration and findings not inconsistent with this opinion. *See Larkin*, 146 Or App at 315.

Reversed and remanded.