Argued and submitted May 19, child support award vacated and remanded for recalculation; judgment modified to provide that the parties are each responsible for one half of daughter's attorney fees and the custody evaluation costs; attorney fee award vacated and remanded; otherwise affirmed October 27, 2004

## In the Matter of the Marriage of

### Roselee Gilbert CAIN,
*Appellant,*

*and*

### Mark A. GILBERT,
*Respondent.*

### 99P2212; A120339

100 P3d 735

Mark Kramer argued the cause for appellant. With him on the briefs was Kramer & Associates.

Gordon L. Dick argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Mother appeals from a judgment that modified a dissolution judgment, awarded father legal custody of the parties' daughter, and altered the parties' parenting time. She also appeals from a judgment that awarded father attorney fees. Our review is *de novo*. ORS 19.415(3) (2001).[1] We reverse in part and remand.

The parties stipulated to a dissolution of their marriage in 1993. In accordance with their stipulations, the court entered a judgment that provided for joint custody of the daughter and no child support. In 1999, mother moved to modify the judgment and sought sole custody of the daughter, child support, and child dependency tax deductions and credits. Father objected and counterclaimed for sole custody, child support, and the dependency deductions and credits. In 2001, the trial court ordered a stipulated custody study. ORS 107.425(4). The daughter requested an attorney under ORS 107.425(6). Before the hearing on the motions, the parties stipulated that father would have sole legal custody. At the hearing, father testified that mother could increase her income as a psychiatrist if she changed jobs, worked more hours, or billed her patients higher fees. The court concluded that no child support should be awarded, that mother would receive the child support and dependency deductions for the daughter, that mother would be responsible for the daughter's attorney fees, and that father would have parenting time approximately 62% of the year and mother would have

---

[1] The legislature amended ORS 19.415(3) in 2003. Or Laws 2003, ch 576, § 88 ("Upon an appeal from a [*decree*] **judgment** in a **case that constituted a** suit in equity **under common law**, the Court of Appeals shall try the cause anew upon the record." (Additions in boldface; deletions italicized in brackets.)). We need not decide whether the 2003 amendments to ORS 19.415(3) affect our standard of review because those amendments apply to the appeal of judgments that were entered on or after January 1, 2004. *See* Or Laws 2003, ch 576, § 90a ("The amendments to ORS * * * 19.415 * * * by sections 85 to 89 of this 2003 Act apply only to the appeal of judgments entered on or after the effective date of this 2003 Act. Any appeal of a judgment entered before the effective date of this 2003 Act shall continue to be governed by the law in effect on the day immediately preceding the effective date of this 2003 Act."). Based on the plain meaning of the text of Oregon Laws 2003, chapter 576, section 90a, we apply the 2001 version of ORS 19.415(3) in this case. *But see Kunze and Kunze,* 337 Or 122, 124, 92 P3d 100 (2004) (apparently citing the current version of ORS 19.415(3) in addressing a judgment that was entered before January 1, 2004).

the balance of the parenting time. It entered a judgment to that effect. Father subsequently requested attorney fees and costs. In a judgment, the trial court ordered mother to pay the requested amount in full.

Mother appeals from both judgments, arguing that the trial court erred in (1) admitting testimonial and documentary evidence about her earning capacity despite her objection that the evidence was not relevant; (2) "denying [her] motion for a directed verdict as to the insufficiency of the evidence that mother was underemployed"; (3) denying her request for child support; (4) denying her motion for a new trial; (5) requiring her to pay for all of her daughter's attorney fees; (6) requiring her to pay the entire cost of the custody evaluation; and (7) awarding father attorney fees.

■ We reject mother's first, second, and fourth arguments without discussion and begin with her third argument. Mother contends that the trial court erred in denying her request for child support because it did not follow the child support guidelines in making that determination. Father responds that the trial court did not err because it based its decision on factors sufficient to rebut the presumptive award of child support under the guidelines.

Under ORS 25.280 and OAR 137-050-0330 (2002), a court is required to determine the presumptive amount of child support and then, if it concludes that the presumptive award is unjust or inappropriate, to make findings to justify a deviation from that amount. Such findings

> "must recite the amount that under the guidelines is presumed to be correct, and must include the reason why the order varies from the guidelines amount. A new support amount shall be calculated by determining an appropriate dollar value to be attributed to the specific criteria upon which the finding was based and by making an appropriate adjustment to the calculation."

OAR 137-050-0330(2)(b) (2002). In this case, the trial court did not determine the presumptive amount of child support under the guidelines. Accordingly, we remand the issue of child support to it. *See McGinley and McGinley*, 172 Or App 717, 735-36, 19 P3d 954, *rev den*, 332 Or 305 (2001); *Allen*

*and Allen*, 168 Or App 97, 100, 4 P3d 81 (2000); *Larkin and Larkin*, 146 Or App 310, 315, 932 P2d 115 (1997).

We address whether the rebuttal factors cited by the court in its original child support decision are appropriate rebuttal factors because that issue is likely to arise on remand. The trial court found that father had adequately rebutted the presumptive award of child support without determining that amount because (1) mother had not provided the court with credible evidence about her income; (2) neither party had paid the other any child support since their divorce; (3) mother could make more money than she did; (4) mother had remarried and, when her spouse's income is considered, she has adequate income to provide for the daughter; (5) it would establish poor public policy to require a parent who has legal custody of a child to pay child support to the noncustodial parent; and (6) mother was awarded the right to claim the daughter as a dependent for federal and state tax purposes.

■ We note that, in addition to the rebuttal factors listed in ORS 25.280 and OAR 137-050-330(2) (2002), a trial court may consider "nonenumerated economic factors that are relevant to the needs of the dependent child." *Petersen and Petersen*, 132 Or App 190, 198, 888 P2d 23 (1994); *see also State ex rel DHR v. Fairchild*, 159 Or App 517, 521-23, 979 P2d 768 (1999) (following *Petersen*).

■ The first rebuttal factor that the trial court cited was mother's failure to provide it with credible evidence of her income. We note that mother's testimony about her income is consistent and unrebutted by father. Although father argued that mother was able to make more money than she did, he offered no evidence that she had a higher income than she stated to the court. Regardless of his argument, mother's income is not a rebuttal factor. *Larkin*, 146 Or App at 313. Although mother's credibility regarding her income may be relevant to the trial court's determination of her income on remand, the court erred in considering as a rebuttal factor mother's credibility regarding her income.

■ The second factor that the trial court cited, that neither party had paid child support to the other since the distribution, is not an enumerated rebuttal factor. Neither is it an economic factor that relates to the needs of the parties'

child. The trial court therefore erred in considering the lack of a prior child support award as a rebuttal factor.

■ The third factor that the trial court cited is that mother could likely make more money than she currently did. Under OAR 137-050-0330(1) (2002), the trial court was required to determine mother's adjusted gross income in order to calculate the presumptive amount of child support. However, even if mother could make more money than she currently does, that "is not a rebuttal factor because it is [a] key component in computing child support * * *." *Larkin,* 146 Or App at 313. The trial court therefore erred in considering that factor.

■ OAR 137-050-0330(2)(a)(A) (2002) provides that a trial court may consider "[e]vidence of other available resources of the parent" in determining whether the presumptive amount of child support has been rebutted. The trial court therefore did not err in considering mother's spouse's income as a rebuttal factor.

■ The court's fifth rebuttal factor, that it would be poor public policy to award child support to a parent who does not have legal custody, is neither an enumerated factor nor an economic factor related to the daughter's needs. Furthermore, OAR 137-050-0330(3) (2002) and OAR 137-050-0460 (2002) provide for child support to a parent who has shared physical custody regardless of whether the parent also has legal custody.

■ The final factor that the court considered, mother's right to claim the daughter for tax purposes, is a permissible factor under OAR 137-050-0330(2)(a)(I) (2002).

■ We turn to whether mother should be solely responsible for the daughter's attorney fees and the costs associated with the custody evaluation. On *de novo* review, we conclude that the parties should share those costs. In light of our disposition, we vacate the award of attorney fees.

Child support award vacated and remanded for recalculation; judgment modified to provide that the parties are each responsible for one half of the daughter's attorney fees and the custody evaluation costs; attorney fee award vacated and remanded; otherwise affirmed.