In re the MARRIAGE OF Kathleen M. VAN INWEGEN, Appellee,

and

Cornelius Van Inwegen, Appellant.

No. 87CA0524.

Colorado Court of Appeals, Div. I.

May 26, 1988.

Hecox, Tolley, Keene & Beltz, P.C., W. Thomas Beltz, Cynthia Mace Dude, Colorado Springs, for appellee.

Trott, Kunstle and Hughes, James A. Reed, Colorado Springs, for appellant.

TURSI, Judge.

Cornelius Van Inwegen (father) appeals the trial court order increasing his child support obligation. His major contention is that the trial court erred in ruling that the General Assembly intended basic child support obligations be ten percent of the combined gross income of the parents when their income exceeds the guideline schedule contained in § 14–10–115, C.R.S. (1987 Repl. Vol. 6B). We agree and therefore reverse.

The parties' marriage was dissolved in 1979 and father was ordered to pay $150 per month child support for the parties' daughter. In 1986 Kathleen M. Van Inwegen (mother) filed a motion for modification of child support alleging a significant change in financial circumstances of the parties and increased needs of the child.

Mother's financial affidavit showed a cost of $912.50 per month to support their daughter but, in her testimony, she stated that because of possible private school costs and other items it would take $1500 per month to support the child.

The trial court determined that there was a substantial and continuing financial change of circumstances requiring modification of the child support. It further determined that father's gross earning capacity was $10,000 per month and mother's gross earning capacity was $2187.50 per month. It made no determination regarding the needs of the child.

The trial court concluded that the child support guideline schedule set out in § 14–10–115 was fair and reasonable, and that there was no cause to deviate from it. However, the combined gross income of the parties was beyond the upper limit of that schedule. Nevertheless, the court noted that for parental income at the high end of the scale ($8400 to $10,000) the schedule set ten percent ($1000) of that income as being a proper support award for one child.

From this fact, it concluded that it was the intent of the General Assembly that parents with a combined gross income above the schedule should also be obligated to pay ten percent of their combined gross income for the support of one child. It set the total child support obligation at $1215 based on this extrapolation of the guideline schedule, and ordered father to pay $995 per month, based on his proportionate share of the combined gross income.

Father asserts the trial court erred by mechanically extrapolating the guideline schedule in § 14–10–115 as a means of setting proper child support here. We conclude it was not the General Assembly's intent that trial courts mechanically extrapolate from the guideline schedule.

Section 14–10–115 provides in part:

"(3)(a) In any action to establish or modify child support, whether temporary or permanent, the child support guideline as set forth in this section *shall* be used as a rebuttable presumption for the establishment or modification of the amount of child support. Courts *may* deviate from the guideline where its application would be inequitable. Any such deviation shall be accompanied by written or oral findings by the court specifying the reasons for the deviation.

. . . .

"(10) **Basic child support obligation.** (a)(I) The basic child support obligation *shall* be determined using the schedule of basic child support obligations contained in paragraph (b) of this subsection (10). The basic child support obligation *shall* be divided between the parents in proportion to their adjusted gross incomes.

"(II) For combined gross income amounts falling between amounts shown in the schedule, basic child support amounts *shall* be extrapolated.... The judge *may* use his judicial discretion in determining child support in circumstances where a parent is living below a minimum subsistence level; except that a minimum child support payment of twen-

ty to fifty dollars per month, based on resources and living expenses of the obligor, shall be required even in such instances. The judge *may* use his judicial discretion in determining child support in circumstances where combined adjusted gross income exceeds the uppermost levels of the guideline." (emphasis added)

Construction of a statute is a question of law. *Colorado Division of Employment v. Parkview Episcopal Hospital*, 725 P.2d 787 (Colo.1986). In construing statutes, a court must ascertain and give effect to the intent of the General Assembly. *People v. Guenther*, 740 P.2d 971 (Colo.1987). To discern the General Assembly's intent, a court should look first to the language of the statute itself, giving the statutory terms their commonly accepted and understood meaning. *People v. Guenther, supra. Charnes v. Lobato*, 743 P.2d 27 (Colo.1987). The word "shall" involves a mandatory connotation and hence, is the antithesis of discretion or choice. *People v. Guenther, supra.*

The mandatory language in § 14–10–115(3)(a) & (10)(a) regarding the application of the guideline schedule indicates that it was the intent of the General Assembly to require the trial court to presume, unless rebutted, that child support obligations must be set in the amount specified by the schedule. However, the statute contains exceptions to this mandatory application of the presumptive amounts in the schedule.

■ One of these exceptions applies to this case. The trial court may use its judicial discretion in circumstances where combined adjusted gross income exceeds the uppermost levels of the guideline. Section 14–10–115(10)(a)(II). However, the trial court's discretion is limited in these circumstances by § 14–10–115(3)(a) which provides that the child support guideline shall be used as a rebuttable presumption in *any* action to establish or modify child support. We conclude there is a rebuttable presumption that $1,000 is the minimum presumptive amount of child support for one child when the parental combined income exceeds $10,000. However, the trial court

may choose to exercise its discretion to set a different amount.

■ We conclude that it was the intent of the General Assembly that extrapolation from the guideline schedule is not to be extended to combined gross incomes above the uppermost level of the schedule. The General Assembly specifically provided for the use of extrapolation for combined gross income amounts falling between amounts shown in the schedule. Section 14–10–115(10)(a)(II). However, it did not provide for the use of extrapolation when combined gross incomes fall above or below the schedule. When a statute specifies a particular application in a specific instance, it is ordinarily to be construed as excluding from its operation all other situations not specified. *Meyer v. Charnes*, 705 P.2d 979 (Colo.App.1985).

Our construction of § 14–10–115 is consistent with the applicable legislative history, which indicates that the guideline provides calculated amounts of child support up to a specific combined gross income level, but in cases with a higher combined gross income, child support is to be determined on a case-by-case basis. Colorado Child Support Commission, *Report to the Governor & General Assembly of 1986*, Appendix I at p. 2 (1985). *See also* Hearings on H.B.1275 before the Senate Health, Environment, Welfare, and Institutions Committee, 55th General Assembly, 2nd Session, March 25, 1986.

Here, the parents' combined gross income exceeded the uppermost level of the guideline. Therefore, there was a rebuttable presumption that the child support obligation was at least $1000 per month subject to the trial court's discretion upon its consideration of all the relevant factors.

■ Section 14–10–115(1), C.R.S. (1987 Repl. Vol. 6B) provides:

"(1) In a proceeding for dissolution of marriage, legal separation, maintenance, or child support, the court may order either or both parents owing a duty of support to a child of the marriage to pay an amount reasonable or necessary for his support, without regard to marital

misconduct, after considering all relevant factors including:

(a) The financial resources of the child;

(b) The financial resources of the custodial parent;

(c) The standard of living the child would have enjoyed had the marriage not been dissolved;

(d) The physical and emotional condition of the child and his educational needs; and

(e) The financial resources and needs of the noncustodial parent."

The needs of the child are of paramount importance in determining child support obligations. *Wright v. Wright,* 182 Colo. 425, 514 P.2d 73 (1973).

 Inasmuch as the trial court here set child support by mechanically extrapolating the amounts specified in the guideline, it did not consider the statutorily specified relevant factors. Thus, its order represents an abuse of discretion and cannot stand. *See In re Marriage of Klein,* 671 P.2d 1345 (Colo.App.1983); *In re Marriage of Berry,* 660 P.2d 512 (Colo.App.1983).

Mother maintains that the trial court did properly consider the statutory factors in awarding child support. She points to the trial court's statement that, based upon the current amount of parents' combined gross income, the child would have enjoyed a fairly high standard of living had the parties not divorced. However, the trial court made that statement in its determination that the statutory factors were subsumed by the guideline schedule. Once it determined that the schedule applied to this case, it set the total child support obligation at $1215 per month without further reference to the evidence or relevant factors.

■ The order is reversed and the cause is remanded with directions to the trial court to redetermine the child support obligation in light of the factors enumerated in § 14–10–115(1) and in this opinion. On remand, the trial court's order must contain findings of fact and conclusions of law sufficiently explicit to give an appellate court a clear understanding of the basis of its order and to enable the appellate court to determine the grounds upon which it reached its decision. C.R.C.P. 52; *In re Marriage of Jaramillo,* 37 Colo.App. 171, 543 P.2d 1281 (1975). The trial court order for child support which is before us shall remain in full force and effect pending entry of a new order of support. The new support order, whether it be for more or less than the previous order, shall be effective as of the date of filing of mother's motion for modification of child support, pursuant to *In re Marriage of Walsh,* 44 Colo.App. 502, 614 P.2d 913 (1980), and father shall be given credit for payments made under the order which is the basis of this appeal.

PIERCE and PLANK, JJ., concur.