In re the MARRIAGE OF Lucia C. SCHWAAB, Appellant,

and

Donald R. ROLLINS, Appellee.

No. 89CA0734.

Colorado Court of Appeals, Div. V.

June 14, 1990.

Frey, Lach & Michaels, P.C., Susan M. Lach, Ft. Collins, for appellant.

Wood, Herzog, Osborn & Bloom, P.C., Charles S. Bloom, Jennifer J. Stocker, Ft. Collins, for appellee.

Opinion by Judge CRISWELL.

In this dissolution of marriage proceeding, Lucia C. Schwaab (mother) appeals that part of the judgment requiring Donald R. Rollins (father) to pay $1800 per month for support of three of the four minor children, and requiring the father to pay only a portion of her attorney fees. We affirm in part, reverse in part, and remand with directions to the trial court to adopt additional findings respecting the father's income and the children's needs.

## I.

■ Because it is undisputed that the parties' gross income exceeded the uppermost level of income for which guidelines have been adopted under § 14–10–115(10), C.R.S. (1987 Repl.Vol. 6B), it is to be presumed, subject to rebuttal, that the minimum amount of support is that set forth in the highest level of the guidelines. *In re Marriage of Van Inwegen*, 757 P.2d 1118 (Colo.App.1988).

The actual level of support required, however, will depend upon the court's exercise of its discretion. In exercising such discretion, the court must consider the financial resources of both parents and of the children, the physical and emotional condition of the children and their educational needs, the needs of the noncustodial parent, and the standard of living that the children would have enjoyed had the parents' marriage not been dissolved. Section 14–10–115(1), C.R.S. (1987 Repl.Vol. 6B); *In re Marriage of Van Inwegen, supra.*

■ The children's needs are of paramount importance in determining the child support obligation. *In re Marriage of Van Inwegen, supra.* Therefore, in calculating a support obligation sufficient to meet those needs, the trial court should look to the costs of food, shelter, clothing, medical care, education, and recreational costs at the level enjoyed before the dissolution or as near to that level as possible. 2 H. Clark, *The Law of Domestic Relations in the United States* § 18.1 (2d ed.1987). And, this is, of course, not an all-exclusive listing of the factors which may, in any particular case, be required to be considered.

■ Here, the trial court's award of $1800 monthly child support to be paid by the father was, considering the parties' combined incomes and the split custody of the four children, some $400 per month more than the minimum support payment that the guidelines would presume to be proper. *See* § 14–10–115(14)(c)(I), C.R.S. (1987 Repl.Vol. 6B). Nevertheless, the mother asserts that such award was inadequate, as a matter of law. We conclude, however, that the present record lacks sufficient findings by the trial court to permit us to assess the mother's claim of error.

The trial court's award of child support was based, in part, upon its finding that the father's monthly income was "in excess of $12,500." While this finding was undoubtedly technically correct, it failed adequately to determine the full extent of the father's income, and it failed to resolve certain evi-

dentiary conflicts with respect to that income.

The father concedes that, as of the date of trial in December 1988, he had received a total income for the year of $192,725 (or an average of better than $16,000 per month). Further, not only did there exist a possibility of his receipt of further income for that year, but it is undisputed that he had received certain fringe benefits during the year that might constitute additional income to him under § 14–10–115(7)(a)(III), C.R.S. (1987 Repl.Vol. 6B).

Given these circumstances, it might be concluded that the father's average monthly income exceeded by a considerable amount the $12,500 figure referred to by the court. However, because any conclusion as to the amount of such excess will depend, at least in part, upon the resolution of certain factual disputes that were not resolved by the trial court, we are unable to determine with confidence the father's actual past or current earnings, *see* § 14–10–115(7)(a) and (c), C.R.S. (1987 Repl. Vol. 6B), or whether the trial court itself fully considered the father's higher level of income.

In addition, the trial court referred generally to the "very high" standard of living that the children would have enjoyed had the marriage not been dissolved and to the "considerable expenses beyond the usual" that would be necessary to support such a lifestyle. However, these general findings fail to reflect whether the trial court considered the specific expenditures necessary to sustain that standard of living, and thus, they are inadequate to allow us to discern whether the support ordered was sufficient to meet the children's needs.

In a case such as this, a trial court must attempt to translate, to the extent possible under the evidence, a higher living standard and additional needs of a child into specific monetary requirements. It should also consider the amount of a reasonable pro rata portion of the necessary general family expenses under § 14–10–115, C.R.S. (1987 Repl.Vol. 6B). *In re Marriage of Klein*, 671 P.2d 1345 (Colo.App.1983). Ab-

sent such meaningful findings, it is impossible for an appellate court to assess any claim that a trial court has abused its discretion. *See In re Marriage of Klein, supra; In re Marriage of Wildin*, 39 Colo. App. 189, 563 P.2d 384 (1977).

Consequently, this action must be remanded to the trial court for it to adopt, based on the existing record, further findings respecting the father's income and the financial needs of the children and to amend its order respecting child support should its findings dictate such an amendment. Unless and until the trial court amends its prior order, the present child support order shall continue in effect.

## II.

The mother also contends that the trial court erred in awarding her only a portion of her attorney fees. We disagree.

The allowance or disallowance of attorney fees is within the sound discretion of the court, and unless that discretion has been abused, the court's order cannot be disturbed. *In re Marriage of DaFoe*, 677 P.2d 426 (Colo.App.1983). We find no abuse of discretion here. This determination is, of course, made without prejudice to the mother's right to make a further application for fees incurred by her subsequent to the prior hearing before the trial court.

That part of the judgment concerning the award of attorney fees is affirmed; that part of the judgment concerning the award of child support is reversed; and the cause is remanded for further proceedings in accordance with the directions contained herein.

DAVIDSON and DUBOFSKY, JJ., concur.