Argued and submitted March 20, on appeal, spousal support modified; affirmed on cross-appeal September 11, 1991

In the Matter of the Marriage of

George M. BAILEY,
*Respondent - Cross-Appellant,*
*and*

Eunice L. BAILEY,
*Appellant - Cross-Respondent.*

(89-7-94; CA A65532)

816 P2d 1195

Ira L. Gottlieb, Portland, argued the cause for appellant - cross-respondent. With him on the briefs was Keller, Gottlieb & Gorin, Portland.

Dale R. Koch, Portland, argued the cause for respondent - cross-appellant. With him on the brief was Sorensen-Jolink, Trubo & Koch, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

In this marital dissolution proceeding, wife seeks an increase in the amount and duration of the spousal support award. On cross-appeal, husband seeks a reduction in the amount of child support awarded. We modify the spousal support award and affirm the child support award.

The parties were married for almost 17 years, during which they had two children. At the beginning of their marriage, husband was an industrial engineer. Wife had a high school diploma and worked as a clerk. Shortly after they married, husband decided to become a doctor. He completed 30 hours of undergraduate work and, over the next eight years, attended medical school and completed his internship and residency. During school, he obtained student loans, received a small scholarship and held summer jobs. During the same time, the children were born and wife held a variety of part-time jobs that included, among other things, clerical work, piecework for a clothing manufacturer, alterations for a dry cleaner and the provision of child care.

Husband, 41, is now a physician specializing in obstetrics and gynecology. After expenses, including malpractice insurance, his 1989 income was $244,000.[1] Wife, 44, hopes to earn a degree in interior design and earn approximately $24,000 per year. She has custody of the two children, who are both minors. While married, the parties had a high standard of living, with expenses between $7,000 and $12,000 per month. Since their separation, husband has purchased a second home and now lives with his office nurse and her children.

The trial court ordered husband to pay wife spousal support of $3,500 per month for four years, and then $2,000 per month for an additional six years. Husband was also ordered to pay child support of $2,000 per month ($1,000 per child). Wife appeals the spousal support award, arguing that the trial court erred both as to its duration and amount. In her brief, she seeks a permanent spousal support award of $6,900 per month. However, at oral argument, her counsel acknowledged that an initial award of $5,000 and then a

---

[1] In 1988, husband's net income was $238,838; in 1987, it was $216,903.

stepped-down amount "in the neighborhood of $3,000 per month" would cover wife's expenses. On cross-appeal, husband contends that the child support award exceeds the guidelines and should be reduced to a total of $1,350 per month.

■ We first address the duration of the spousal support award. Under ORS 107.105(1)(d), spousal support is to be granted "for such period of time as it may be just and equitable for the other party to contribute." Most of the factors that weigh in favor of a permanent award are present in this case. *See* ORS 107.105(1)(d)(A)-(M). For 16 and one-half years, wife's employment, homemaking and child raising efforts contributed to husband's ability to gain an education that substantially increased his earning power. Without additional education or training, wife's earning capacity is severely limited. Should she accomplish her goal of earning a degree in interior design, her anticipated earnings will still be inadequate to provide her with a standard of living that is commensurate with that enjoyed during the marriage. There will always be a considerable disparity between the parties' incomes and the lifestyles that those incomes produce. Because of those facts, wife is entitled to permanent spousal support. *See Stuart and Stuart,* 107 Or App 549, 553, 813 P2d 49 (1991); *Snyder and Snyder,* 102 Or App 41, 792 P2d 478 (1990).

■ We next address the appropriate amount of spousal support. To the extent possible, the goal is to provide the disadvantaged spouse with "a standard of living not overly disproportionate to that enjoyed during the marriage." ORS 107.105(1)(d)(E),(F). In this case, husband's estimated monthly income exceeds $20,000 and the parties' living expenses while married were between $7,000 and $12,000 per month. Wife's fixed monthly expenses total $3,684, which includes a home mortgage payment of $1,342, utilities, phone and garbage services, car payment, insurance, food and other costs. Monthly discretionary expenses for entertainment, vacations and gifts, plus a projected cost of $717 per month for tuition and books, total $1,297. Thus, wife's monthly household expenses, *excluding* expenses that are directly associated with the children, total $4,981. On *de novo* review, we are satisfied that that amount (except for the educational

expenses) reflects the standard of living enjoyed by the parties during their marriage. Given wife's relatively young age and her apparent desire and ability to begin a career, this is an appropriate case for stepping down the amount of spousal support after an initial period of four years, during which wife hopes to gain admission to a post-secondary school, earn a two-year degree in interior design and become employed in that field. Accordingly, we hold that $5,000 per month for four years, and $3,000 per month thereafter, is a just and equitable spousal support award in this case.

Finally, we turn to husband's cross-appeal. He contends that the child support award of $2,000 per month exceeds the amount that should have been awarded under the child support guidelines. ORS 25.275; ORS 25.280; OAR 137-50-320 to OAR 137-50-490. According to OAR 137-50-330, the calculation of child support would be this: The parties have a monthly combined adjusted gross income of approximately $20,000 ($5,000 per month for wife,[2] $15,000 per month for husband); husband receives 75% of the income; under Table 2, the basic child support obligation for two children, at a monthly income of $10,000,[3] is a total of $1,615; husband's child support obligation would therefore

---

[2] Wife's spousal support is included in her gross income and is deducted from husband's gross income. OAR 137-50-340(1); *Watson and Watson,* 107 Or App 416, 419, 812 P2d 429 (1991).

[3] Under OAR 137-50-320(4),

" '[b]asic child support obligation' means the support obligation determined by applying the parent's adjusted gross income, or if there are two parents, their combined adjusted gross income, to the scale in the manner set out in rule 137-50-490."

OAR 137-50-490 provides, in part:

"(1) Table 2 shall be used in any judicial or administrative proceeding to establish * * * [child support awards] pursuant to rules 137-50-320 through 137-50-490. Where one parent has physical custody of a joint child and support is sought against the other parent, * * * then the parents' combined adjusted gross income should be used * * *.

"(2) *For combined adjusted gross incomes exceeding $10,000 per month, the presumed basic child support obligations shall be as for parents with combined adjusted gross income of $10,000 per month.* A basic child support obligation in excess of this level may be demonstrated for those reasons set forth in rule 137-50-330." (Emphasis supplied.)

When parents' combined adjusted gross income is $10,000 per month, the basic child support obligation for two children is $1,615 per month. OAR 137-50-490 (Table 2).

be 75% of $1,615, or $1,211. *See Morris and Morris,* 104 Or App 384, 386 n 1, 801 P2d 875 (1990).

Husband contends that there is no basis for setting the child support award at an amount that exceeds the guidelines. We disagree. The child support obligation matrix, OAR 137-50-490 (Table 2), does not accomodate income levels above $10,000 per month. Although OAR 137-50-490(2) provides that, when parties' combined adjusted gross income is greater than $10,000 per month, the presumed basic child support obligations "shall be as for parents with combined adjusted gross income of $10,000 per month," the rule also provides that "[a] basic child support obligation in excess of this level may be demonstrated for those reasons set forth in rule 137-50-330." OAR 137-50-490(2); *see* note 3, *supra.* While it is presumed that the amount of child support to be paid according to the formula is an appropriate amount, that presumption may be rebutted by evidence of, among other things, the parent's income, the needs of the children and "the financial advantage afforded a parent's household by the income of a spouse or another person with whom the parent lives in a relationship similar to husband and wife." OAR 137-50-330(2)(a)(J). *See also* ORS 25.280.

■ Even after paying spousal support of $5,000 and child support of $2,000, husband's net monthly income after taxes will exceed $8,700. He will have more disposable income to support himself than wife will have to support herself and the two children. *Alexander and Alexander,* 87 Or App 259, 261, 742 P2d 63 (1987). The trial court specifically found that, because of the dissolution, wife's standard of living "will be substantially less than" husband's. The gross income of husband's current household exceeds $24,000 per month — himself at $20,757 per month, his office nurse at $3,333 per month. If that household were to pay taxes plus spousal support of $5,000 and child support of $2,000, the combined monthly net income would still be approximately $10,500. Additionally, wife's statement of monthly expenses calculates the children's needs at $1,960 per month. That amount exceeds the maximum under the guidelines. These facts rebut the presumption that the guidelines' child support obligation

level is appropriate in this case, and justify the increased amount of support.

The children are entitled to benefit from the parents' income to the extent that they would have benefited had the family unit remained intact. ORS 25.275(2). Given the parties' standard of living while married, a child support award based solely on the guidelines' maximum income level of $10,000 per month would be contrary to ORS 107.105(1)(c), which provides that the amount of a child support award must be "just and proper." We are satisfied that the trial court's award of $2,000 per month meets that requirement.

On appeal, spousal support award modified to $5,000 per month for four years and $3,000 per month thereafter; affirmed on cross-appeal. No costs to either party.