Argued and submitted March 20, affirmed October 9, 1991

In the Matter of the Marriage of

## Kirk D. WUEPPER,
*Respondent,*
*and*

## Susan D. WUEPPER,
*Appellant.*

(84-3-108; CA A65111)

818 P2d 964

Douglas M. Fellows, Portland, argued the cause for appellant. With him on the brief was Fellows, McCarthy & Odman, Portland.

Joe D. Bailey, Portland, argued the cause for respondent. With him on the brief was Wood, Tatum, Mosser, Brooke & Landis, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

### ROSSMAN, J.

Wife appeals a trial court order denying her motion to modify child and spousal support and for attorney fees. On *de novo* review, we affirm.

The parties were divorced in 1985, after a 17-year marriage. The original dissolution judgment provided that husband would pay child support of $500 per month per child and spousal support of $750 per month for 36 months and then $500 per month spousal support for 60 months. In 1990, wife moved to modify the judgment because of increased child care expenses. ORS 107.135(2)(a). By that time, two of the parties' three children had moved to Bend to attend a private high school and to be involved in competitive ski racing in the hope of making the U.S. Ski Team. The older son, a community college student in Bend, aspired to attend Colorado University for school and skiing during 1990-91. On the basis of that year's proposed budget for the older son, wife asked the court to increase his support to approximately $1,482 per month.[1] The younger son was attending Bend High School but hoped to return to the private school for 1990-91. On the basis of that year's proposed budget for the younger son, wife asked the court to increase his support to approximately $1,241 per month. She also asked that the daughter's support be increased to $518 per month, which would be consistent with the Uniform Child Support Guidelines (guidelines) for the parents' combined income of over $10,000 per month.[2] ORS 25.270 to ORS 25.285. The court denied wife's motion, finding that the children's increased expenses were "desires" and not "needs." *Smith v. Smith,* 290 Or 675, 684, 626 P2d 342 (1981). Because wife had not shown a substantial change in circumstances, the court would not apply the guidelines to increase child support. *See Gay and Gay,* 108 Or App 121, 124, 814 P2d 543 (1991).

■   Wife argues that, although her proposed increase in child support for the two sons deviates from the $518 figure

---

[1] We note that it is difficult to discern from the record the precise amount of the increase in child support sought by wife.

[2] The parties agreed that a fair allocation of child care expenses is 70% for husband and 30% for wife. The $518 figure represents husband's share under the guidelines.

that is presumed to be correct under the guidelines, the trial court erred in failing to increase support for the two sons, because their skiing is a "special need" that overcomes the presumption. ORS 25.280.[3] Wife's argument is irrelevant because, as we discussed in *Gay and Gay, supra,* 108 Or App at 124, the moving party must *first* show a substantial change in circumstances to justify a modification of child support before the guidelines can apply to determine the amount of the modified award.

■    The only question, then, is whether a child's extra-curricular or recreational activities can be considered "needs" that can constitute a substantial change in circum-stances to justify an increase in child support. "Need" has been defined as "that amount which is required for the actual, necessary expenses of providing for the child at the standard of living which would have been enjoyed but for the dissolution." *Smith v. Smith, supra,* 290 Or at 684. Although that definition is broad, need has always been considered to consist of more than basic food and shelter. On the other hand, it does not extend to extravagance.

Because the distinction between what is an actual need and what is merely a desire is largely a subjective matter, it is difficult to formulate a rule. The determination must be made on a case-by-case basis. The trial court's evaluation of the parties' credibility becomes a most significant factor.

On *de novo* review, we find nothing in the record to contradict the trial court's determination that the children's skiing expenses, under the facts of this case, were merely desires and, therefore, did not involve a substantial change in circumstances. Accordingly, the trial court did not err in denying an increase in child support.

---

[3] ORS 25.280 provides, in part, that

"the amount of support determined by the formula established pursuant to ORS 25.270 to 25.285 [and] 107.105 * * * shall be presumed to be the correct amount of the obligation. This shall be a rebuttable presumption and a written finding or a specific finding on the record that the application of the formula would be unjust or inappropriate in a particular case shall be sufficient to rebut the presumption. The following criteria shall be considered in making the finding:

"* * * * *

"(7)  The needs of the child."

■    Wife also moved to increase spousal support from $500 per month to $1,000 per month because, although she had received $297,503 in the divorce settlement, she had depleted that amount to $157,000 in paying the additional skiing and education expenses of the children. The court denied that motion, finding that wife had failed to show a substantial change in circumstances. She argues that the trial court erred because, "[i]f the Trial Judge felt he could not provide for the children's needs directly, he should have increased the amount and duration of alimony to stop the depletion of ex-wife's assets." In this situation, the court cannot do indirectly what it cannot do directly. Because we hold that the increased child care expenses were not "needs" and, therefore, do not justify an increase in child support, the same expenses cannot justify an increase in wife's spousal support.

■    Finally, the court denied wife's motion for attorney fees, reasoning that, when there is a *bona fide* dispute in a domestic relations case, each party should bear its own expenses. ORS 107.135(1) provides for proceedings to vacate or modify a dissolution decree, including child and spousal support provisions. ORS 107.135(6) provides, in part:

"In a proceeding under subsection (1) of this section, the court *may* assess against either party a reasonable attorney fee and costs for the benefit of the other party." (Emphasis supplied.)

Attorney fees were within the trial court's discretion. We find no abuse of discretion.

Affirmed. Costs, not including attorney fees, to husband.