Submitted on record and brief February 22, judgment remanded in part; injunction reversed; otherwise affirmed April 21, 1993

In the Matter of the Marriage of

Susan Marie HAY,
*Appellant,*

*and*

Tivis Edgar HAY,
*Respondent.*

(84-727; CA A74897)

850 P2d 410

Robert L. Ackerman and Ackerman, DeWenter & Huntsberger, Springfield, filed the brief for appellant.

No appearance for respondent.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

RIGGS, J.

**RIGGS, J.**

Mother appeals from an order modifying the child support provisions of a judgment of dissolution. On *de novo* review, we affirm in part and reverse and remand in part.

■■    Mother, the custodial parent, first assigns error to the award of the tax exemption to father. She argues that the child support guidelines award the tax exemption to the custodial parent as a matter of law. Mother is wrong. OAR 137-50-330(2)(a)(I) states that it is *presumed* that the custodial parent will have the dependency exemption. However, the exemption can be awarded to the noncustodial parent if the tax consequences are considered in calculating the amount of child support. *See Ranes and Ranes*, 118 Or App 264, 269, 846 P2d 1195 (1993). OAR 137-50-330(2)(b) requires written findings whenever a court varies from a presumption in the guidelines. Although the court explained its reasons for the award of the exemption, the record does not show that the trial court made written findings concerning the impact of the award on father's child support obligation. We remand for consideration of and findings on the impact of the award.

■    Mother next assigns error to an injunction forbidding her from contacting the Support Enforcement Division to initiate the collection of overdue child support without first contacting father. Initiation of the collection of overdue child support is not the appreciable threat of future harm or unlawful behavior that injunctions are meant to prevent. *See Bates v. Motor Vehicles Division*, 30 Or App 791, 794, 568 P2d 686 (1977). The injunction is reversed.

Judgment remanded for recalculation of child support; injunction reversed; otherwise affirmed. No costs to either party.