Argued and submitted March 21, reversed and remanded June 22, petition for review allowed September 6, 1994 (320 Or 109)

Rayann STRINGER,
by and through the State of Minnesota,
*Respondent,*

*v.*

Thomas R. BRANDT,
*Appellant.*

(92CV120; CA A80363)

877 P2d 100

John L. Hemann argued the cause for appellant. On the brief were Steve North and Garrett, Hemann, Robertson, Paulus, Jennings & Comstock.

Patrick R. Foley argued the cause and filed the brief for respondent.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

RIGGS, J.

Deits, P. J., concurring in part; dissenting in part.

## RIGGS, J.

In this child support modification case, father appeals a judgment increasing support and awarding mother attorney fees. On *de novo* review, we reverse and remand.

The parties to this proceeding were never married. In 1986, they entered into a paternity and child support stipulation for a child born in 1984, which resulted in a judgment for child support in Minnesota. The stipulation provided for a payment of a lump sum amount by father to a local family service center. That lump sum payment was to cover father's child support obligation from November, 1985, through November, 1992. Under the stipulation, father was again to make a lump sum payment in November, 1992, that would support the child until he reached the age of 18. In October, 1992, mother filed an order to show cause in Oregon to recover child support she claimed had not been received since the summer of 1991, and for a modification of the support judgment in accordance with the Oregon Uniform Child Support Guidelines (guidelines). Mother submitted her uniform support affidavit listing her gross monthly income as $2,490, and the child's monthly needs as $388. On his uniform support affidavit, father listed his gross monthly income as $39,000. At trial, mother testified that different and higher amounts would be necessary to clothe, groom and give lessons to the child. She also testified that child's monthly needs were $588.[1]

Following a hearing on those issues, the trial court entered a judgment modifying father's child support obligation to require father to pay $1,750 per month and awarding mother her attorney fees and costs.[2]

---

[1] At oral argument, father tacitly conceded the child's higher needs amount. On *de novo* review, we use the higher figure of $588 in our calculations.

[2] The trial court's opinion letter offered this explanation for its ruling:

"This is a proceeding to set support. Mother has monthly income of $2,500.00 per month. Father has income of about $33,600.00 per month. The guidelines do not go that high. When support was set in Minnesota, if per the guidelines, it would have been about $700.00 per month. It was set much lower. The base figure for support is $1,039.00 per month. The factors to apply in this situation are set out in OAR 137-50-330(2). The specific ones that apply are (A) Evidence of available resources and (I) Tax Consequences. Father has significant resources and has been claiming the child as a dependent. He has paid no support for two years.

At issue here is the proper application of the guidelines in circumstances where the combined adjusted gross income of the parents exceeds $10,000 per month.[3]

■      ORS 25.275(1) requires the Support Enforcement Division of the Department of Justice (SED) to establish guidelines for determining child support awards. In establishing the guidelines, SED is required to consider a number of criteria, including "[a]ll earnings, income and resources of each parent, including real and personal property[.]" ORS 25.275(1)(a). Pursuant to ORS 25.280, the amount of support determined by the formula is presumed to be correct. If the amount of support is unjust or inappropriate, the trial court can rebut the correctness of the guidelines amount by making findings. ORS 25.280. Those findings must comply with OAR 137-50-330(2)(b), which provides:

---

"Per the guidelines on resources, the father has significant resources and has been claiming the dependent exemption. Support should be more than the top figure in the guidelines."

The trial court's "order" (judgment) recited:

"FINDINGS OF FACT

"1.  Plaintiff has a monthly income of $2,500.00 per month.

"2.  Defendant has income of about $33,600.00 per month.

"3.  The guidelines do not go that high. When support was set in Minnesota, if per the guidelines, it would have been about $700.00 per month. It was set much lower. The base figure for support is $1,039.00 per month. The factors to apply in this situation are set out in OAR 137-50-330(2). The specific ones that apply are (A) Evidence of available resources and (I) Tax Consequences. Father has significant resources and has been claiming the child as a dependent. He has paid no support for two years. Support should be more than the top figure in the guidelines.

"ORDER

"NOW, THEREFORE, IT IS HEREBY ORDERED:

"1.  Defendant shall pay to Plaintiff back child support at $350.00 per month from July, 1991, until filing date of October, 1992, and $1,750.00 per month from November, 1992 through June 1, 1993, for a total of $19,250.00, forthwith.

"2.  Thereafter, defendant's support is set at $1,750.00 per month until further order of the Court. The sum of $250.00 per month is placed into an account by mother (as trustee for child) to be used for emergency medical needs or education.

"3.  The medical insurance, as presented to the Court, shall remain in full force and effect.

"4.  Plaintiff is awarded her attorney fees and costs."

---

[3] The existence of a substantial change in circumstances is conceded.

"Effective May 1, 1992, [a] finding must recite the amount that under the guidelines is presumed to be correct, and must include the reason why the order varies from the guidelines amount. A new support amount may be calculated by determining an appropriate dollar value to be attributed to the specific criteria upon which the finding was based and by making an appropriate adjustment in the amounts used in subsections (1)(b) and (1)(d) of this rule."

The guidelines also set a cap on the presumed basic child support obligation when the combined adjusted gross income of the parents exceeds $10,000 per month. OAR 137-50-490(2) provides that "[a] basic child support obligation in excess of this level may be demonstrated for those reasons set forth in OAR 137-50-330."

*Bailey and Bailey,* 108 Or App 678, 816 P2d 1195 (1991), is the only Oregon case that discusses the cap. In *Bailey,* the parents' combined adjusted gross income exceeded $10,000. On the basis of father's household income of $15,000 per month, the two childrens' monthly expenses of $1,960, and the parties' high standard of living while married, we held that the presumption that the amount provided in the guidelines' formula was correct had been rebutted and affirmed the trial court's award of $2,000 per month.

■ In *Bailey,* we did not discuss whether the factors set out in OAR 137-50-330(2)(a)(A)-(J) are to be accorded equal weight in determining the proper level of child support when the parents' combined adjusted gross income exceeds $10,000. However, courts in other jurisdictions have discussed the proper method of determining child support when the parents' combined adjusted gross income exceeds the uppermost level of the guidelines. Most courts have rejected a "flat percentage" approach in which support is simply pegged to a percentage of the parents' combined adjusted gross income. Instead, the paramount consideration, even in cases of great wealth, is the child's actual need. In *In re the Marriage of Van Inwegen,* 757 P2d 1118 (Colo App 1988), the court considered the application of Colorado's guidelines, which are almost identical to Oregon's.[4] In *Van Inwegen,* the

---

[4] The Colorado guidelines list the following factors as relevant to a determination of child support:

"(a) The financial resources of the child;

court concluded that "[t]he needs of the child are of paramount importance in determining child support obligations." 757 P2d at 1121.

In *Chasin v. Chasin*, 182 AD2d 862, 582 NYS2d 512 (1992), the court reversed a support order that calculated support by applying a flat percentage of 25 percent against the parties' combined gross annual income of $166,763:

> "The blind application of the statutory formula to the combined parental income over $80,000 without any express findings of the children's actual needs constitutes an abdication of judicial responsibility * * * and renders meaningless the statutory provision setting a cap on strict application of the formula." 182 AD2d at 863.

Similarly, the court in *Rodriguez v. Rodriguez*, 834 SW2d 369, 372 (Tex App 1992) held that "[a]n award of child support above the guidelines without regard to needs and solely because the obligor has great income would amount to de facto alimony." *See also, e.g., Jane Doe VI v. Richard Roe VI*, 6 Hawaii 629, 736 P2d 448 (Hi App 1987) (raising the mother's standard of living through the vehicle of child support constitutes an unauthorized spousal support obligation).

We find the reasoning of those cases persuasive. Any decision to set child support above the guidelines cap must, at a minimum, be based primarily on the child's needs, as set out in specific supporting findings. The tension between needs and resources in cap cases is different from the tension between needs and resources in non-cap cases at the other end of the continuum. Any other interpretation of the guidelines renders the cap illusory. Here, the uncontroverted record evidence, as set out in mother's uniform support

---

"(b) The financial resources of the custodial parent;

"(c) The standard of living the child would have enjoyed had the marriage not been dissolved;

"(d) The physical and emotional condition of the child and his educational needs; and

"(e) The financial resources and needs of the non-custodial parent." CRS § 14-10-115(1) (1987).

affidavit and testimony, is that the child's needs are no more than $588 per month.[5]

■     Thus, the issue reduces to whether factors other than the child's needs, as detailed in mother's uniform support affidavit, were sufficiently compelling to rebut the presumptive guidelines cap amount and whether the trial court made appropriate findings required by the guidelines. Here, the trial court referred to two factors: father's substantial gross income and the fact that father claimed the child as a dependent for tax purposes. Neither justified an award in excess of that provided by the guidelines cap.

■     The trial court improperly considered father's gross income from employment as "resources available" to rebut the presumed cap amount. Because the guidelines child support calculation is basically a function of the parties' gross income, that income has already been considered.[6] Under these facts, a trial court cannot use father's income to determine the amount due under the guidelines and then use that same figure to depart from those guidelines without reference to the child's needs. *See Rodriguez v. Rodriguez, supra.*

■     With regard to the tax consequences of taking the dependency exemption, we cannot tell if the trial court thought that father was receiving an economic benefit from the tax exemption and, thus, had additional financial resources beyond gross income which would justify a departure. Father's 1990 and 1991 tax returns are in evidence. Because of father's filing status, income limit and adjusted gross income, we can find no financial benefit to father from the exemptions for those two tax years. The parties concede

---

[5] Because of the state of this record, we leave the precise definition of what other needs can rebut the presumption of the cap amount to another day and another record. For a case distinguishing between a child's "needs" and a child's "wants" in the context of establishing a change in circumstances, *see Wuepper and Wuepper*, 109 Or App 172, 818 P2d 964 (1991).

[6] There is no evidence in the record concerning father's financial resources, if any, beyond his gross income. Mother argues in her brief that the "substantial resources" mentioned in the trial court's opinion letter *may* include the income of father's wife, which amounts to approximately $3,500 per month. However, in the trial court's judgment, it found that father's own income amounted to $33,600 per month, rather than the $39,000 gross income amount conceded by father at argument. Whether or not the trial court considered father's wife's income as additional resources, we have used the sum of $39,000 as father's income in our decision.

as much. Indeed, if such a financial tax benefit did exist, OAR 137-50-330(2)(b) requires attribution of a specific dollar amount to such a tax benefit in the trial court's findings. *See Hay and Hay*, 119 Or App 372, 374, 850 P2d 410 (1993). On this record, we cannot make such an attribution and we suspect neither could the trial court. Consideration of any purported tax benefit to rebut the guidelines amount was error.[7]

■   On *de novo* review, we conclude that the evidence did not support a deviation from the presumed child support under the guidelines. Therefore, we find that the upper limit guidelines amount, $1,039, is the amount from which the trial court must calculate support using the guidelines formula. That support should commence November 1, 1992, and thereafter.

■   Father also argues that the trial court erred when it ordered:

> "2. Thereafter, defendant's support is set at $1,750.00 per month until further order of the Court. The sum of $250.00 per month is to be placed into an account by mother (as trustee for child) to be used for emergency medical needs or education."

Father argues that the trial court had no authority to create a trust for the child under these circumstances. Authorization for the creation of trusts for the support of children comes from ORS 107.105(1)(g). That subsection applies to trusts created as part of a property division between divorcing spouses. Father argues that this case does not involve property division, and, thus, ORS 107.105(1)(g) is inapplicable. He is correct, but as a statement of the law his argument does not go far enough. ORS 107.105 only applies to decrees of annulment, dissolution or separation. ORS 107.135 is the appropriate statutory provision for modification of child support, and it contains no provision for the creation of trusts out of a child support award. Accordingly, the trial court erred in ordering the creation of the trust.

---

[7] We note that apparently neither party asked for a change in the award of the dependency exemption at trial or on appeal. Because father's income makes the exemption of no use to him, it would make sense to award the exemption to mother.

Finally, father argues that the trial court erred in awarding mother attorney fees and costs at trial, because the court failed to follow the requirements of ORCP 68. A discussion of the claimed error or arguments would not be illuminating to the bench and bar, but we agree with father that there was error. Therefore, we reverse and remand for a hearing on attorney fees and costs pursuant to ORCP 68.

Reversed and remanded for recalculation of child support effective November 1, 1992, and for hearing on award of attorney fees. No costs to either party.

**DEITS, P. J.,** concurring in part; dissenting in part.

I agree with the majority that the trial court lacked authority to create a trust for the child and that because the requirements of ORCP 68 were not followed, it is necessary to remand the case for a hearing on attorney fees and costs. I also agree with the majority that the child support question needs to be remanded to the trial court. However, I disagree with the extent of the majority's remand, as well as its rationale for remanding.

The trial court found that the presumptive child support under the guidelines was rebutted in this case. It explained:

"3. The guidelines do not go that high. When support was set in Minnesota, if per the guidelines, it would have been about $700.00 per month. It was set much lower. The base figure for support is $1,039.00 per month. The factors to apply in this situation are set out in OAR 137-50-330(2). The specific ones that apply are (A) Evidence of available resources and (I) Tax Consequences. Father has significant resources and has been claiming the child as a dependent. He has paid no support for two years. Support should be more than the top figure in the guidelines."

The majority concludes that the evidence did not support a deviation from the presumed child support amount under the guidelines and reduced the amount of child support awarded by the court. In reaching this conclusion, the majority holds that: "Any decision to set child support above the guidelines cap must, at a minimum, be based primarily on the child's needs, as set out in specific supporting findings. * * * Any other interpretation renders the guidelines cap illusory."

128 Or App at 507. It reasons that because the evidence does not establish that the child had needs in the amount awarded by the trial court, that amount cannot be justified. The majority states that it is also necessary to consider whether any of the other factors that the guidelines require to be considered are sufficiently compelling to rebut the presumptive guidelines cap. It then notes the factors considered by the trial court; namely father's very substantial gross income and the fact that father claimed the child as a dependent for tax purposes. However, the majority then summarily rejects those factors: "Neither justified an award in excess of that provided by the guidelines cap." 128 Or App at 508.

I disagree with the majority's holding for a number of reasons. The majority essentially holds that in a case where the guidelines cap is applicable, the evidence must show that a child has needs in excess of the cap amount in order to justify a support award higher than the amount available based on the cap. That may or may not be a good policy decision, but it is not one that either the legislature, in ORS chapter 25, or the Support Enforcement Division (SED), in the adoption of the guidelines, has made.

ORS 25.280 provides that the amount of child support determined by the application of the guidelines formula is presumed to be the correct amount. However, that amount may be rebutted if a finding is made on the record that application of the formula would be unjust or inappropriate in a particular case. The guidelines then list the following criteria that must be considered in making that determination:

"(1)     Evidence of the other available resources of a parent;

"(2)     The reasonable necessities of a parent;

"(3)     The net income of a parent remaining after withholdings required by law or as a condition of employment;

"(4)     A parent's ability to borrow;

"(5)     The number and needs of other dependents of a parent;

"(6)     The special hardships of a parent including, but not limited to, any medical circumstances of a parent affecting the parent's ability to pay child support;

"(7)     The needs of the child;

"(8)   The desirability of the custodial parent remaining in the home as a full-time parent and homemaker.

"(9)   The tax consequences, if any, to both parents resulting from spousal support awarded and determination of which parent will name the child as a dependent; and

"(10)   The financial advantage afforded a parent's household by the income of a spouse or another person with whom the parent lives in a relationship similar to husband and wife." ORS 25.280.

As the majority discusses, SED's administrative rules establish a cap on awards of child support when the adjusted gross incomes of the parties exceeds $10,000 per month. The rule also states, however, that "[a] basic child support obligation in excess of this level may be demonstrated for those reasons set forth in OAR 137-50-330." OAR 137-50-490(2). OAR 137-50-330(2)(a), similarly to the statute, provides that the presumptive child support amount may be rebutted by a finding that the presumptive amount is unjust or inappropriate; that finding is to be "based upon the criteria set forth in paragraphs (A) through (J) of this subsection." Those criteria are:

"(A)   Evidence of the other available resources of the parent;

"(B)   The reasonable necessities of the parent;

"(C)   The net income of the parent remaining after withholdings required by law or as a condition of employment;

"(D)   A parent's ability to borrow;

"(E)   The number and needs of other dependents of a parent;

"(F)   The special hardships of a parent including, but not limited to, any medical circumstances of a parent affecting the parents' ability to pay child support;

"(G)   The needs of the child;

"(H)   The desirability of the custodial parent remaining in the home as a full-time parent and homemaker;

"(I)   The tax consequences, if any, to both parents resulting from spousal support awarded and determination of which parent will name the child as a dependent; the formula presumes the custodial parent will have the tax exemption allowed for the child or children;

"(J)    The financial advantage afforded a parent's household by the income of a spouse or another person with whom the parent lives in a relationship similar to husband and wife." OAR 137-50-330(2)(a).

The majority holds that the above factors are not to be given equal weight—that the paramount consideration under the guidelines is the needs of the child. However, there is absolutely no support for that conclusion in the language of either the statute or the rules. Both provide that the court is to exercise its discretion in deciding if the presumptive award of support is "unjust or inappropriate" in the particular circumstances. In making that determination, the court is directed to *consider* the listed factors. There is no indication that any of the factors are mandatory or that any are predominant. In construing a statute, it is not the function of the court to insert what has been omitted or to omit what has been inserted. ORS 174.010. The existing language of the statute and rules simply does not support the majority's conclusion. Had the legislature or SED intended to make the establishment of need by a child to be a prerequisite to an award of support over the amount available under the cap, it could easily have done so.

In reaching its conclusion, the majority relies on its assumption that because the guidelines child support calculation is "basically a function of the parties' gross income," the parties' total income has already been considered in determining appropriate child support. 128 Or App at 508. The majority explains that a trial court cannot use a parent's income to determine the amount due under the guidelines and then use that same figure to depart from those guidelines without reference to the child's needs for the higher support above the cap. Again, there is no support for this proposition in the statute or the rules. In my view, a more reasonable reading of these provisions is that the presumptive child support amount based on the cap takes into consideration income up to $10,000 per month and that income in excess of that amount may be considered under OAR 137-50-330(A) and (C) as "other available resources."

The majority also relies on decisions from other jurisdictions to support its conclusion. Such decisions, of course, are not controlling here, although the reasoning of

other courts may provide helpful guidance to us. However, even some of the decisions involving statutes similar to Oregon's, relied on by the majority, recognize that child support in excess of a cap is a matter of the trial court's discretion on a case-by-case basis after considering all of the applicable criteria. In *In re the Marriage of Van Inwegen*, 757 P2d 1118 (Colo App 1988), relied on by the majority, the court rejected the idea that child support in an amount over a cap may be calculated by mechanically extrapolating the amount specified in the guidelines to calculate support based on incomes under the cap. As the majority states, the court in *Van Inwegen* did say that the needs of the child are of paramount importance in determining child support obligations. However, the court also said that the amount of support over the cap should be decided on a case-by-case basis and that after considering the pertinent factors, such as the needs of the child, as well as the financial resources of the parents, the court is to exercise its discretion in setting the appropriate amount. That case does not stand for the proposition that in order to obtain an award over the amount of the cap, it must be proven that the child has needs in excess of the amount available based on the cap.

In construing the guidelines as it does, the majority disregards ORS 25.275(2)(a), which provides that in devising the guidelines formula for child support, SED must comply with the following standard:

> "The child is entitled to benefit from the income of both parents to the same extent that the child would have benefited [*sic*] had the family unit remained intact or if there had been an intact family unit consisting of both parents and the child."

Under my reading of the guidelines, SED carries out this provision by allowing the court in deciding if a child support award based on the cap is unjust or inappropriate to consider the financial resources of the parties beyond their income of $10,000 per month and base an increased award on that factor in appropriate cases.

I understand the concern of the majority that child support should not be *de facto* spousal support. However, I do not think that it is necessary to take the extreme position that the majority does and preclude any award of child support

beyond the cap based on the fact that the child's parents have substantial income. It appears to me that both the legislature and SED believed that it would be proper in appropriate cases to award child support in excess of a child's basic needs, if the child's parents' resources would allow that. This would allow a child to benefit from the income of his or her parents as if there had been an intact family. *See Bailey and Bailey*, 108 Or App 678, 684, 816 P2d 1195 (1991). This is not to say that, if the parents have any income over the cap amount, it must result in a child support award in excess of the cap. If that were true, the majority would be right that the guidelines cap would be illusory. However, in my view, in a case such as this where the parents' income is *substantially* over the cap— almost four times the cap—it should be within the trial court's discretion to base an award of child support over the cap on that factor alone. I believe that it was proper for the trial court to base its decision to award child support above the cap on the substantial additional resources of father. However, OAR 137-50-330(2)(b) does require specific findings as to the amount of the increase attributable to each factor:

> "If the child support presumption is rebutted pursuant to subsection (a) of this section, a written finding or a specific finding on the record must be made that the amount is unjust or inappropriate. Effective May 1, 1992, that finding must recite the amount that under the guidelines is presumed to be correct, and must include the reason why the order varies from the guidelines amount. A new support amount may be calculated by determining an appropriate dollar value to be attributed to the specific criteria upon which the finding was based and by making an appropriate adjustment in the amounts use in subsections (1)(b) and (d) of this rule."

The trial court made general findings regarding why the guidelines amount was unjust and inappropriate. However, its findings need to be more specific and need to specify the amount of the increase attributed to each of the factors that it considered. Accordingly, I would remand the case to the trial court for a hearing on attorney fees and costs and for additional findings and reconsideration of the child support award.