Argued and submitted December 18, 2020, reversed and remanded
September 22, 2021

In the Matter of the Marriage of

Aaron W. PARTSAFAS,
*Petitioner-Appellant,*
*and*

Christen D. PARTSAFAS,
*Respondent-Respondent.*

Jackson County Circuit Court
18DR24037; A171707

499 P3d 117

Father appeals a supplemental judgment increasing his child-support obligation for the parties' 16-year-old son to $2,647 per month, which exceeds the presumptive guidelines amount of $947. He contends that the trial court failed to apply the criteria stated in the child support guidelines for rebutting the presumptive guidelines amount. *Held*: The Court of Appeals concluded that the trial court erred in failing to focus on the needs of the child in determining that the presumptive child support amount had been rebutted and remanded the case for a redetermination of father's child support obligation.

Reversed and remanded.

David G. Hoppe, Judge.

Gilbert B. Feibleman argued the cause for appellant. Also on the brief was Feibleman Case Wilson, P.C.

James A. Wallan argued the cause and filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

ARMSTRONG, P. J.

Reversed and remanded.

## ARMSTRONG, P. J.

Father appeals a supplemental judgment increasing his child-support obligation for the parties' 16-year-old son to $2,647 per month, which exceeds the presumptive guidelines amount of $947. We conclude that the trial court erred and therefore reverse and remand the judgment for redetermination of father's support obligation.

The parties were divorced in 2010 and have joint custody of, and equal parenting time with, their 16-year-old son. At the time of dissolution, father was ordered to pay child support of $500 per month. In 2011, the court increased father's child support obligation to $764 per month. In 2019, mother sought a second increase in child support, based on father's increased income and the disparity in the parties' incomes. Mother's income at the time, as the manager of a storage facility, was $11.50 per hour, or approximately $1,600 per month, and husband's income as a vascular surgeon was $66,177 per month.

Under the child-support guidelines established by the Division of Child Support of the Department of Justice, *see* ORS 25.275; OAR 137-050-0710, father's presumed child support obligation is $947. Under ORS 25.280,[1] a trial court

---

[1] ORS 25.280 provides:

"In any judicial or administrative proceeding for the establishment or modification of a child support obligation under ORS chapter 107, 108, 109 or 110 or ORS 25.501 to 25.556, 419B.400, 419B.923, 419C.590 or 419C.610, the amount of support determined by the formula established under ORS 25.275 is presumed to be the correct amount of the obligation. This is a rebuttable presumption and a written finding or a specific finding on the record that the application of the formula would be unjust or inappropriate in a particular case is sufficient to rebut the presumption. The following criteria shall be considered in making the finding:

"(1) Evidence of the other available resources of a parent;

"(2) The reasonable necessities of a parent;

"(3) The net income of a parent remaining after withholdings required by law or as a condition of employment;

"(4) A parent's ability to borrow;

"(5) The number and needs of other dependents of a parent;

"(6) The special hardships of a parent including, but not limited to, any medical circumstances of a parent affecting the parent's ability to pay child support;

"(7) The needs of the child;

"(8) The desirability of the custodial parent remaining in the home as a full-time parent and homemaker;

"(9) The tax consequences, if any, to both parents resulting from spousal support awarded and determination of which parent will name the child as a dependent; and

"(10) The financial advantage afforded a parent's household by the income of a spouse or another person with whom the parent lives in a relationship similar to that of a spouse."

OAR 137-050-0760 provides:

"(1) The presumption that the guideline support amount as provided in OAR 137-050-0700 through 137-050-0755 is the correct support amount may be rebutted by a finding that sets out the presumed amount, concludes that it is unjust or inappropriate, and sets forth a different amount and a reason it should be ordered. The criteria that may be the basis for rebuttal include but are not limited to:

"(a) Evidence of the other available resources of the parent;

"(b) The reasonable necessities of the parent;

"(c) The net income of the parent remaining after withholding required by law or as a condition of employment;

"(d) A parent's ability to borrow;

"(e) The number and needs of other dependents of a parent;

"(f) The special hardships of a parent affecting the parent's ability to pay support, including, but not limited to, any medical circumstances, extraordinary travel costs related to the exercise of parenting time, or requirements of a reunification plan if the child is in state-financed care;

"(g) The desirability of the custodial parent remaining in the home as a full-time parent or working less than full-time to fulfill the role of parent and homemaker;

"(h) The tax consequences, if any, to both parents resulting from spousal support awarded, the determination of which parent will name the child as a dependent, child tax credits, or the earned income tax credit received by either parent;

"(i) The financial advantage afforded a parent's household by the income of a spouse or domestic partner;

"(j) The financial advantage afforded a parent's household by benefits of employment including, but not limited to, those provided by a family owned corporation or self-employment, such as housing, food, clothing, health benefits and the like, but only if unable to include those benefits as income under OAR 137-050-0715;

"(k) Evidence that a child who is subject to the support order is not living with either parent;

"(L) Findings in a judgment, order, decree or settlement agreement that the existing support award is or was made in consideration of other property, debt or financial awards, and those findings remain relevant;

"(m) The net income of the parent remaining after payment of mutually incurred financial obligations;

"(n) The tax advantage or adverse tax effect of a parent's income or benefits;

may depart from the presumptive child support amount upon a finding that the presumptive amount is "unjust or inappropriate." Evidence in the record must support that finding. *Redler and Redler*, 330 Or 51, 60, 996 P2d 963 (2000). Among the "rebuttal" factors that the court is required to consider in departing from the presumptive amount are those listed in ORS 25.280 and OAR 137-050-0760.

In rebutting the presumed guidelines support of $947 and establishing father's child support obligation as $2,647, the court explained:

> "The Court specifically finds that a deviation to $2,647 per month is warranted because the presumptive award is unjust and inappropriate given the circumstances.
>
> "The presumed guideline support given by counsel at hearing was $947 per month; this figure amounts to only 1.4 percent (1.4%) of Father's gross monthly income and is simply unacceptable in this situation. The cases cited by Father's counsel do not address this incredibly gross disparity in income between the parties and whether the calculation leads to inconceivable results. Many lower and middle class non-custodial parents pay significantly more than 1.4 percent (1.4%) of their gross incomes each month in child support. In addition, these lower and middle class non-custodial parents have significantly less funds remaining for basic needs in their net incomes after paying their child support obligations. Two thousand six hundred forty-seven ($2,647) is merely 4 percent (4%) of Father's gross monthly income as stated in his uniform support declaration and is a just and appropriate figure under the circumstances."

---

"(o) The extraordinary or diminished needs of the child, except:

"(A) Expenses for extracurricular activities and

"(B) Social Security benefits paid to a child because of a child's disability;

"(p) The return of capital.

"(q) The financial costs of supporting a Child Attending School at school, including room, board, tuition and fees, and discretionary expenses, the ability of the Child Attending School to meet those expenses with scholarships, grants and loans, and the ability of a parent to provide support for the Child Attending School, either in kind where a child continues to live in a parent's home or with cash if there are parental resources to provide financial support over and above the amount for a Child Attending School generated by the child support calculator."

Thus, the court increased father's support obligation above the presumed support amount not because of a perceived need of the child but because of the gross disparity in the parties' incomes and the court's perception that father's support obligation should be a larger percentage of his gross income.

On appeal, father does not dispute that the guidelines require an increase in his presumptive child support obligation from $764 to $947, but he contends that the court erred in basing its rebuttal of the presumed amount on his high income and the disparity between his income and mother's.

In defending the trial court's award, mother responds that ORS 25.275(2) requires that the child support formula developed by the Division of Child Support

> "must also comply with the following standards:

> "(a)  The child is entitled to benefit from the income of both parents to the same extent that the child would have benefited had the family unit remained intact or if there had been an intact family unit consisting of both parents and the child."

Mother testified at the hearing that she would struggle to feed the child on the support obligation of $947 per month. She contends that father's child support obligation should be greater than the presumed guideline amount to allow the child to have the standard of living he would have if his parents were not divorced.

We review the trial court's determination of father's child-support obligation under the child-support guidelines for legal error, *Tanner and Tanner*, 292 Or App 766, 767, 426 P3d 223, *rev den*, 363 Or 727 (2018), and we agree that the trial court erred.

As we held in *Stringer v. Brandt*, 128 Or App 502, 507, 877 P2d 100 (1994), "[a]ny decision to set child support above the guidelines cap must, at a minimum, be based primarily on the child's needs, as set out in specific supporting findings." The trial court made no findings here that the child has needs that exceed the presumed amount of child support.

Additionally, the bases on which the trial court did rely in rebutting the presumed amount were not permitted. We appreciate the trial court's concern for the disparity in the parties' incomes and the fact that father's support obligation as determined under the guidelines will be a smaller percentage of father's income than others pay. But those factors are not among the listed factors to be considered in determining whether to depart from the child support guidelines.

As we held in *Peterson and Peterson*, 132 Or App 190, 198, 888 P2d 23 (1994), the factors listed in ORS 25.280 or OAR 137-050-0760 are not exclusive; the court has authority to consider nonenumerated economic factors that are relevant to the needs of the child. But factors that are part of the formula for determining the presumed amount, such as the income of the parties, may not be the basis for rebutting the presumed amount. *See Larkin and Larkin*, 146 Or App 310, 313, 932 P2d 115 (1997) (because the relative incomes of the parties is the key component in computing child support, a disparity in income cannot serve as a rebuttal factor). Thus, the court erred in considering the parties' income disparity and the relatively low percentage of father's income paid under the guidelines in determining that the presumptive amount was rebutted.

The parties do not dispute that father's support obligation under the child support guidelines is $947. For the reasons given above, we conclude that the trial court erred in determining that that amount had been rebutted, and we therefore reverse the trial court's judgment and remand for redetermination of father's child support obligation.

Reversed and remanded.